## Commonwealth v. D'Angelo, Appellant.

*Appeals—Assignments of error—Excerpts from charge—Charge as a whole —Criminal law.*

On the trial of an indictment for a crime, the trial judge cannot be convicted of error by excerpts taken from his charge, which were not complete paragraphs or represented separate and entire instructions on essential phases of the case, where the charge considered as a whole fully and fairly presented the defendant's case in an adequate manner.

*Criminal law—Assault and battery—Charge of court—Reasonable doubt.*

On the trial of an indictment for assault and battery where the first count charges an aggravated assault and battery, and the second a simple assault and battery, the trial judge fulfills his duty if he defines the offense of aggravated assault and battery by reading the statutory definition given to it in the crimes act, and describes the offense charged in the second count by a plain and comprehensive explanation. No further repetition is required of him.

Where the defendant in a criminal trial makes no request for particular instructions as to the definition of the term "reasonable doubt," and the court in the course of the charge several times brings to the attention of the jury the question of reasonable doubt, the defendant, on appeal, cannot complain of the inadequacy of the instruction given on the subject.

Argued Oct. 2, 1905.   Appeal, No. 24, Jan. T., 1906, by defendant, from judgment of Q. S. Luzerne Co., June T., 1905, No. 40, on verdict of guilty in case of Commonwealth v.

Raphael D'Angelo and William Danes.    Before RICE, P. J.,
BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDER-
SON, JJ.    Affirmed.

Indictment for assault and battery.    Before FERRIS, J.
The opinion of the Superior Court states the case.
Verdict of guilty upon which judgment of sentence was
passed.

*Errors assigned* were various excerpts from the charge, and
that the court erred in failing to define the meaning of the
term " reasonable doubt."

*James L. Lenahan,* with him *Andrew Hourigan,* for appel-
lant.—The charge was inadequate: Rice v. Com., 100 Pa. 28;
Kelchner v. Nanticoke Borough, 209 Pa. 412; Com. v. Gold-
berg, 4 Pa. Superior Ct. 142.

*Abran Salsburg,* assistant district attorney, with him *B. R.
Jones,* district attorney, for appellee.—The charge was sufficient:
Alexander v. Com., 105 Pa. 1; Fowler v. Smith, 153 Pa. 639;
Com. v. Orr, 138 Pa. 276; Com. v. Johnson, 133 Pa. 293;
Com. v. Warner, 13 Pa. Superior Ct. 461.

OPINION BY ORLADY, J., November 20, 1905 :.
This defendant (with William Danes) was convicted of an
aggravated assault and battery.
If the assignments of error, which are excerpts taken from
the charge, were complete paragraphs or represented separate
and entire instructions on essential phases of the case, they
would undoubtedly be erroneous.    However, after an examina-
tion of the testimony and the whole charge, it is clear that
the defendant had his case fully and fairly presented in an ade-
quate manner.    It was rather the weight of the case that
pressed heavily upon him than the manner in which it was pre-
sented to the jury.    The first count in the indictment was for
an aggravated assault and battery; the second simple assault
and battery.    At the outset, the trial judge defined the offense
of aggravated assault and battery by reading the statutory
definition given to it in our crimes act, and described the of-

fense charged in the second count by a plain and comprehensive explanation. This was immediately followed by the further elucidation, " It is to be noted that in the offense charged in the first count of the indictment the violence used or the wound given shall have been first unlawful, and second, maliciously inflicted." The defendants were constables having warrants for the arrest of the prosecutor in this case and if their testimony was to be believed they were not guilty of any offense. On the other hand, if the facts as detailed by the witnesses for the commonwealth were to be accepted as the true version of the struggle they were properly convicted. The testimony of each side was succinctly summarized by the court. The excerpt quoted in the first assignment of error, is immediately preceded by a sentence which was intended to explain the conduct of this appellant, viz.: " You will remember the testimony bearing upon the animus and malicious character of the assault, or the malice that actuated D'Angelo in making the assault, if you believe the testimony." Directly following this the court stated: " For we say to you gentlemen that under the testimony in this case, these two defendants were within their duty in arresting and taking this man upon the commitment. The question is whether they exceeded their duty in doing it in an unlawful manner, . . . . was it necessary for him to use that violence, which he admits doing ? If not, then he was guilty of an assault and battery upon this prosecutor; whether it would be an aggravated, or a simple assault would be for you to decide. After they succeeded in getting him in the buggy, the testimony on behalf of the defense is that while they were driving off the prosecutor seized the lines and interfered with the driver, the driver being Danes. That D'Angelo in order to cause him to release his hold of the lines, beat him over the arms with a ' billy ' or with a club. Was it necessary ? Was it reasonably necessary under all the facts and circumstances of the case, that he should use this violence in order to release the hold of the man upon the lines ? If it was not such an assault, that alone would justify a conviction. If it was not, it was such an assault as would justify a conviction of assault and battery of the one grade or the other, as you may find the injury to be serious or not. . . . If you believe that the defendants were not guilty of aggravated assault and

battery, as we have tried to explain that to you, but were guilty of a simple assault, of course you will so find. If you believe that they were not guilty you will acquit them generally." It was not necessary for the judge to explain more than once the distinctive difference between the grades of the offense, and it was so distinctly done in his opening of the case and finally impressed upon the jury in the conclusion of the charge that it would be a dull jury indeed that would not fully understand that they were to apply the evidence, with the definitions of the grades of the offense as given by the court. That they so did comprehend it is shown by the verdict rendered—" guilty of aggravated assault and battery and recommend them to the mercy of the court." The appellant urges by the fourth assignment that the charge was inadequate for the reason that the judge did not define the term "reasonable doubt." Four different times in the charge this question is brought to the attention of the jury as follows : " But where after a full and fair consideration of all the testimony in the case, you believe from the evidence, beyond a reasonable doubt, that the defendant is guilty, evidence of previous good character is not to overcome the conclusion which flows from that state of the case. . . . We say to you that the defendants are to be presumed innocent until they have been proved guilty to your satisfaction, beyond a reasonable doubt. . . . If you believe from the evidence, beyond a reasonable doubt, that these defendants are guilty of a brutal assault upon the prosecutor, as has been testified to by the commonwealth's witnesses, and you believe that it was unnecessary in performing the duty of taking this man into custody, to inflict that injury upon him, and if you believe that serious bodily injury was done him thus unnecessarily, you would be justified and it would be your duty to find the defendants guilty as charged in the first count of the indictment of aggravated assault and battery. If you believe from the evidence, beyond a reasonable doubt, that one of the defendants was so guilty and the other not, you would have a right to bring in a verdict of guilty as to that one and not guilty upon that count as to the other."

The nature of the controversy, the distinctive difference between the two counts of the indictment, the contention of each side, the burden of proof, and the province of the jury

were fully explained in a comprehensive and clear manner. The defendants did not make any requests for instructions as to any special signification of the term " reasonable doubt." Evidently they relied upon the common sense and everyday application by the jury of the words which are of common usage and have no uncertain or extraordinary meaning. Had they thought otherwise the question could have been relieved of all doubt by a request for particular instruction on that subject : Rudy v. Commonwealth, 128 Pa. 500; Commonwealth v. Boschino, 176 Pa. 103 ; Commonwealth v. Morrison, 193 Pa. 613. The court below who heard the testimony and saw the witnesses was satisfied that the verdict was a proper one, and refused to grant a new trial.

Neither of the assignments of error is sustained and the judgment is affirmed, and it is ordered that the record be remitted to the court below that the sentence imposed shall be fully carried into effect.