## Commonwealth *v.* Dombek, Appellant.

*Criminal law—Murder—New trial—Juror not a citizen of the United States.*

1. A conviction of murder of the first degree will not be set aside on appeal, and a new trial granted, where the sole reason alleged is that one of the jurors was not a citizen of the United

States, if it appears that the prisoner had had an opportunity to ascertain the qualifications of the juror, had not availed himself of such opportunity, and had not been misled or deceived in accepting him as a juror. In such a case it is too late after an adverse verdict for him to ask a reversal for the reason assigned.

Argued May 17, 1920. Appeal, No. 90, Oct. T., 1920, by defendant, from judgment of O. & T. Allegheny Co., March T., 1919, No. 39, on verdict of guilty of murder of the first degree in case of Commonwealth v. Frank Dombek. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Indictment for murder. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree upon which judgment of sentence was passed. Defendant appealed.

*Error assigned* was sentence, quoting it.

*R. H. Jackson,* for appellant, cited: Sec. 2, Act of April 10, 1867, P. L. 62; Const., article I, section 6.

*Harry A. Estep,* Assistant District Attorney, with him *Harry H. Rowand,* District Attorney, for appellee, cited: Com. v. Penrose, 27 Pa. Superior Ct. 101; Com. v. Thompson, 4 Phila. 215; Traviss v. Com., 106 Pa. 597.

PER CURIAM, June 26, 1920:

The appellant was convicted of murder of the first degree in the court below, and on this appeal a new trial is asked for solely on the ground that one of the jurors who sat in the case was not a citizen of the United States. It seems that this fact, if it be a fact, was disclosed to the prisoner's counsel some days after the trial. Nothing was before the court below in support of the motion for a new trial on the ground that a juror was an alien except the ex parte affidavit of that juror, and in it he

admits that he was not asked whether he was a citizen. An examination of his answers when questioned on his voire dire shows this to be so. Opportunity was given the prisoner to ascertain the qualification of the juror when he was called and sworn on his voir dire, and at that time there might have been disclosed a good cause for challenge; but, without taking advantage of the op-. portunity to learn all about the juror's qualification to serve, and without having been misled or deceived in accepting him as a juror, it is too late, after an adverse verdict, to ask that the judgment on it be reversed for the reason assigned: Traviss v. Com., 106 Pa. 597.

The assignment of error is overruled, the judgment is affirmed and it is ordered that the record be remitted for the purpose of execution.