## Commonwealth v. Walker, Appellant.

*Criminal law—Practice—Murder—Juror convicted of crime—Challenge for cause—New trial.*

1. The right to attack a verdict for the disqualification of a juror does not exist.

2. A conviction of murder of the first degree will not be set aside because one of the jurors had previously been convicted and sentenced to jail for the crime of making a false income tax return, which fact was not known by defendant when he accepted the juror as one of his triers.

3. Even if such conviction were a disqualification, failure to elicit it and by challenge for cause, operated as a waiver.

4. It is the duty of parties to ascertain, by proper examination at the time the jury is impaneled, the existence of any reason for objection to the jurors.

5. Disqualifications not absolute, which are ground for challenge, may not be ground for a new trial after conviction.

*Criminal law—Murder—Self-defense—Doubt.*

6. When an affirmative defense is set up in a murder trial, such as self-defense, the jury may properly acquit, if it feels the weight of the evidence favors defendant, in spite of a lingering doubt as to whether his defense is established; but it is not required to, and should not, acquit merely because of a doubt on that point.

*Criminal law—Murder—Charge—Credibility of witnesses.*

7. Where the trial judge, in a murder trial is speaking of witnesses generally, and not of a particular witness, he cannot be convicted of error in saying "a witness is credible when honestly trying to tell the truth, though he may be mistaken in some respects. You are not bound to believe a witness, his credibility is entirely for you."

*Criminal law — Murder — Evidence — Intoxication—Burden of proof—Degree—Intent.*

8. The mere intoxication of a defendant charged with murder will not excuse or palliate his offense unless he was in such a state of intoxication as to be incapable of conceiving any intent; if he was, his grade of offense is reduced to murder of the second degree.

9. The sole fact that defendant had been drinking does not alter the grade of the crime, unless his intellect was so subverted that he could not form an intent.

10. The burden is on defendant to establish by fairly preponderating evidence, the degree of his intoxication.

*Criminal law — Murder—Intoxication — Quality of liquor—Judicial notice.*

11. The court cannot take judicial notice of the evil effects of present-day intoxicants.

12. If the results to mentality of such intoxicants are worse than in former times, the conclusion must rest in proof, and not in judicial knowledge.

Argued April 13, 1925.    Appeal, No. 255, Jan. T., 1925, by defendant, from judgment of O. & T. Phila. Co., Oct. T., 1923, No. 1138, on verdict of guilty of murder of the first degree, in case of Commonwealth v. John Walker.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Indictment for murder. Before McDevitt, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree on which sentence was passed. Defendant appealed.

*Error assigned* were various rulings and instructions, quoting record.

*G. Edward Dickerson,* for appellant.—Defendant is entitled to have his case tried by a fair and impartial jury of good, true, honest, and law-abiding peers.

Matters of defense need only be proved by a fair preponderance of evidence: Meyers v. Com., 83 Pa. 131; Murray v. Com., 79 Pa. 311.

Where defendant is sufficiently intoxicated to prevent his forming an intent to kill and to deliberate and premeditate upon it, first degree murder should not be sustained: Com. v. Detweiler, 229 Pa. 304; Com. v. West, 204 Pa. 68; Com. v. Dudash, 204 Pa. 124; Com. v. Eyler, 217 Pa. 512; Jones v. Com., 75 Pa. 403; Meyers v. Com., 83 Pa. 131.

*Charles F. Kelley,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee, cited, as to intoxication: Com. v. Detweiler, 229 Pa. 304; Com. v. Troy, 274 Pa. 265.

OPINION BY MR. JUSTICE SCHAFFER, May 18, 1925:

On separate occasions, two different juries have found appellant guilty of first degree murder. Our examination of the record of his last trial, which is before us, satisfies our minds that the evidence produced warranted that jury's findings.

Elaboration of the facts is not necessary in order to show the basis for our conclusions as to the alleged errors brought to our attention. It will be sufficient to say that the defendant and deceased had been together during the day of the shooting and had been drinking; they

were in defendant's house and about midnight an argument arose between them, which resulted in appellant's ordering the deceased to leave. While the argument was in progress, defendant went upstairs and returned within a few moments. The Commonwealth contends that defendant's purpose in leaving the room was to get his revolver; this the defendant denies, alleging that the revolver was all the time on a dresser in the room where he and deceased were scuffling, whence defendant took it to protect himself. The testimony showed, however, that deceased was proceeding to depart from the room when defendant shot at him, and, following him into the entryway, fired at least two more shots with fatal effect. Defendant then went to his bedroom where he locked himself in. On the door being forced open by police officers, defendant was found in bed. He told stories to the officers which were false and conflicting and when shown the body of the dead man, denied knowing him; subsequently he admitted the killing, alleging that it was done in self-defense. The circumstances connected with the shooting were detailed by an eyewitness.

The argument in appellant's behalf for a reversal is based upon (1) the fact that a former convict served upon the jury; (2) the instructions of the court as to self-defense; (3) remarks of the court as to the credibility of the Commonwealth's principal witness; (4) alleged unfairness of the charge; (5) instructions as to the degree of defendant's intoxication as bearing upon the grade of his crime. The last contention would seem to be the one most strongly urged.

After the trial, an affidavit was submitted in which it was averred that one of the jurors had previously been convicted and sentenced to jail for the crime of making a false income tax return and that this fact was not known by defendant when he accepted the juror as one of his triers. No authority is cited to us by appellant, either as showing that the conviction of such a crime works a disqualification for jury duty or that such a cir-

cumstance is sufficient to set aside a conviction. Even assuming, for the purposes of argument, that this fact would be ground for challenge for cause of a prospective juror, if advanced before he were sworn, it does not follow that the existence of this fact, unknown to defendant before conviction, would be cause for a new trial. It is the duty of parties to ascertain, by proper examination at the time the jury is impaneled, the existence of any reasons for objection to the jurors. Here there was no deception by the juror or anyone as to the fact; no effort was made to elicit such information; the failure to do so and to make objection at the proper time operates as a waiver: Travies v. Com., 106 Pa. 597, 606-7; Com. v. Penrose, 27 Pa. Superior Ct. 101, 111-12; Hollingsworth v. Duane, 4 Dallas 353. Many cases which are collected in 35 Corpus Juris 365 et seq. and in 16 Ruling Case Law 287, hold that the right to attack a verdict for the disqualification of a juror does not exist, even when the moving party was previously ignorant of such disqualification. See Goad v. State, 106 Tenn. 175, 61 S. W. 79 (juror convicted of robbing the mails); State v. Powers, 10 Oregon 145, and cases collected therein (juror convicted of crime involving moral turpitude); Hill v. Corcoran, 15 Colo. 270, 25 Pac. 171 (during the trial one of the jurors was accused of "a grave crime" and he employed one of the counsel for the victorious party to defend him); State v. Pickett, 103 Iowa 714, 73 N. W. 346, and cases collected therein (juror could neither read nor write, a statutory requirement for jury service). See also the cases in notes, 18 L. R. A. 478, and 50 L. R. A. (N. S.) 933. It is true that the authorities of all states are not unanimous (see 35 Corpus Juris 367, and notes, supra) but we believe the rules announced above to be in accord not only with the weight of authority but also with reason. There is nothing in the statute law of Pennsylvania absolutely disqualifying the juror appellant here complains of, and "disqualifications not absolute, which are ground for challenge, may not be ground

for a new trial": Wharton's Crim. Proc. (10th ed., 1918) vol. 3, sec. 1786. "The time to challenge is before the jury is sworn; if not exercised then, the right is waived": Traviss v. Com., 106 Pa. 597, 607. There is nothing here which indicates that defendant was prejudiced by having the particular juror sit, or that, if he was desirous that a person convicted of such a crime should not sit as one of his triers, he could not have ascertained the fact of conviction prior to swearing the jury. Under these circumstances we see no merit in this feature of appellant's argument now. See Com. v. Penrose, 27 Pa. Superior Ct. 101, 111.

There is no ground for criticism of the charge on the subject of self-defense. The jury was adequately instructed on this phase of the trial and defendant's points relating thereto were affirmed, with the exception of one which possibly the trial judge thought too rhetorical for place in his charge. Its refusal in view of his other instructions on this subject could have produced no harm to the accused. The trial judge in charging as to self-defense said, "If then, his [the defendant's] evidence leaves his extenuation [on the ground of self-defense] in doubt, he cannot be acquitted of the crime, but must be convicted of homicide in some of its grades": (Com. v. Drum, 58 Pa. 9, 22; Com. v. Palmer, 222 Pa. 299, 300). This instruction was to guide the jury in case of their not being convinced of a first-degree murder; as they found the higher degree of crime, it could have done the accused no harm. "In a word, [when an affirmative defense is interposed] the jury may properly acquit if it feels the weight of the evidence favors defendant, in spite of a lingering doubt as to whether his defense is established; but it is not required to, and should not, acquit merely because of a doubt on that point": Com. v. Weinberg, 276 Pa. 255, 261.

Without substance also is the criticism of the charge upon which is based the fourth assignment of error for the court having said: "It is your duty to pass upon the

credibility of the witnesses. A witness is credible when honestly trying to tell you the truth, though he may be mistaken in some respects. You are not bound to believe a witness; his credibility is entirely for you, and you can give such weight to the testimony of any witness as, under the facts and circumstances, you find it entitled to receive. A witness is credible when honestly trying to be truthful." The court was speaking not, as appellant argues, of a particular witness but of the witnesses generally.

As to the alleged unfairness of the charge, we have not been able to so construe it. It strikes our minds as a fair and unbiased presentation of the case.

This brings us to the court's charge on the subject of the defendant's alleged intoxication. The testimony shows that he had been drinking and his wife testified that he was drunk and that he himself so indicated; other witnesses, however, did not think he was affected by the liquor he had taken. His conduct at the time of the shooting and subsequent thereto negatives the idea that he was not mentally responsible for his act. The charge of the court fully and amply protected him as to this branch of his defense in such a way that the jury must have clearly understood the problem with which they were to deal. If anything, the charge in laying down the legal principles as to intoxication was more favorable to him than otherwise. As was said by the present Chief Justice in Com. v. Detweiler, 229 Pa. 304, 308, "The law as settled in our State is, 'The mere intoxication of the defendant will not excuse or palliate his offense unless he was in such a state of intoxication as to be incapable of conceiving any intent. If he was, his grade of offense is reduced to murder in the second degree.'" See also Com. v. Troy, 274 Pa. 265, 270-71. Substantially this declaration of the law was embodied in a point submitted by the defendant which the court affirmed and was very much amplified by the court in its general charge, where doubtless inadvertently the court told the jury they

should acquit if they believed "By reason of intoxicating drink the prisoner's mind was so affected at the time of the commission of the acts with which he is charged . . . . . that his mind was a blank or that his mind and reason were so affected by drink that he was not able to discern between right and wrong, to form an intention to do an act, or understand the nature and quality of the acts which he committed, and the consequences thereof."

The court could not have instructed the jury as requested in defendant's seventeenth point that, if they should find "the defendant had been drinking at or before the shooting occurred, that in itself would be sufficient, taken with other circumstances in the case, to reduce the crime from first degree to second degree murder." The mere fact that the defendant had been drinking would not alter the grade of the crime unless his intellect was so subverted that he could not form an intent. The court did not err in charging the jury that the burden was upon the defendant to establish, by fairly preponderating evidence, the degree of his intoxication: Com. v. Troy, 274 Pa. 265, 271.

The court could not properly have charged the jury, as requested by the defendant, "That the kind of liquor the ordinary person can get or could get in August, 1923, is of such a character and is usually so poisonous that often a single drink will totally incapacitate him from knowing the nature and character of his acts, and from forming a correct opinion on any subject." It is sufficient as to this to say that there was no evidence in the case warranting such instructions. Appellant's position, that the court should have taken judicial notice of the evil effects of present day intoxicants cannot prevail. If their results to mentality in the present day are worse than in former times, that conclusion should rest in proof, not in judicial knowledge.

We have examined all the assignments of error and find none of them sufficient to warrant us in interfering with the verdict as rendered and the judgment thereon.

The proofs establish the ingredients necessary to warrant a conviction of murder of the first degree.

All of the assignments of error are overruled, the judgment is affirmed and the record remitted to the court below for the purposes of execution.