Romesberg, Appellant, *v.* Merrill et al.

198

Argued April 16, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Thomas J. Itell,* and with him *J. C. Lowry* and *Clarence L. Shaver,* for appellant.—Relationship by affinity of a juror with a party in interest is a ground for disqualification as a juror: Wireback v. Bank, 97 Pa. 543; Miley v. Lebanon Nat'l Bank, 1 Pearson 541.

*Charles H. Ealy,* and with him *Charles F. Uhl* of *Uhl & Ealy,* for appellees.—The refusal to grant a new trial on account of relationship of a juror to a party in interest, is a matter within the sound discretion of the court: Obuchowski v. Penna. R. R. Co., 289 Pa. 190.

Opinion by Trexler, P. J., July 10, 1930:

This was a suit in trespass to recover damages caused by the subsidence of the surface. The jury found in

favor of the plaintiff, for an amount which he asserts was inadequate. The verdict was rendered August 31, 1929. Plaintiff moved for a new trial.

On December 11, 1929, motion by plaintiff was overruled and the rule dismissed. On December 19th, plaintiff presented a petition reciting the facts of the relationship of the juror to the defendants and asking for a rule on all parties interested to show cause why the case should not be opened so that matters contained in the petition might be considered by the court. The attorney for the defendants on the same day, filed a statement admitting that the wife of E. M. Bowser, a juror, was a first cousin of Mrs. W. A. Merrill and averring that at the time of the trial, the said juror, E. M. Bowser, did not give any consideration to this marriage relationship and did not know that relationship by marriage was inquired about when counsel made inquiry to the jurors as to any relationship between the parties in the suit.

The court refused a new trial and dismissed the rule. This is assigned for error. We quote from the opinion of the court, ''The question raised by this record is whether the plaintiff under the facts, has been deprived of any legal right entitling him to a new trial. The time to challenge is before the juror is sworn; if not exercised then the right is waived. That waiver may be relieved against when the party affected has been intentionally misled or deceived by the juror or the opposite party, but it is not pretended there was anything of the kind in this case. Neither the fairness nor the impartiality of the verdict is assailed on any ground connected with the relationship of the juror to one of the defendants. It is not pretended that the juror Bowser or any of his fellows were in any manner influenced thereby. The after discovered relationship is no reason for setting aside the verdict: Traviss v. Commonwealth, 106 Pa. 597, 607.'' In that case, the defendant was convicted of murder in the first degree.

When the jurors were called the inquiry was made whether any of them were related to the parties and Bowser, not understanding the purport of the question, did not answer. It would seem to have been the duty of the attorneys for the plaintiff to satisfy themselves upon this question and to give the jurors a chance of understanding the question. As stated above, the time to challenge is before the juror is sworn. If not exercised then, the right is waived. Traviss v. Com., supra; Com. v. Dombek, 268 Pa. 262; Com. v. Penrose, 27 Pa. Superior Ct. 101; Com. v. Walker, 283 Pa. 468. There was no attempt to show that there was any misconduct. If the juror had been challenged for cause, he would have probably been excused. It seems that the matter was one within the sound discretion of the lower court. It found that the verdict rendered in favor of the plaintiff was a fair one under all the evidence and no misconduct on the part of the juror was even intimated.

The judgment is affirmed.