THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DMYTRO KOKOCKI and ONTO KOKOCKI, Defendants.

County Court, Erie County, December 18, 1950.

*Gordon Steele, District Attorney (Merrill Windelberg* of counsel), for plaintiff.

*Matthew J. Jasen* for defendants.

Robinson, J. Motion to set aside a verdict rendered by a criminal trial jury of this court in the above-entitled case, on the grounds that one of the jurors was a duly-elected Justice of the Peace of his township.

A justice of the peace is not among those public officers disqualified to serve as trial jurors by the provisions of section 502-a and section 503 of the Judiciary Law. Prior to September 1, 1936, section 544 of the Judiciary Law provided in part as follows: " § 544. *Persons excused from serving as trial jurors.* Upon satisfactory proof of the fact, a court, at the term to which a person is returned as a trial juror, must excuse him from serving during the whole, or a portion of the term, in either of the following cases:

" 1. Where he is a justice of the peace, or executes * * *.''

The laws of New York State at that time contained exemption for approximately thirty-three classes of public officers and forty-nine classes of other citizens. Legislation passed in 1936 (L. 1936, ch. 890) and subsequent years has reduced the number of classes to eight. A justice of the peace is not now among those public officers exempted from jury duty.

The juror in question not having been challenged at any time during the examination of prospective jurors, counsel for the defense and the District Attorney having announced to the court that the jury was satisfactory after full opportunity for such examination, and the statutes of this State providing no disqualification of nor exemptions from jury duty of justices of the peace, I find no basis for setting aside of the verdict rendered.

Motion denied.