## Commonwealth *v.* Kopitsko, Appellant.

Argued September 27, 1954. Before Rhodes, P. J., Hirt, Ross, Gunther, Wright, Woodside and Ervin, JJ.

*Morton Witkin,* with him *Witkin & Egan* and *Charles F. Nahill,* for appellant.

*Justin G. Duryea,* with him *Alfred L. Taxis, Jr.,* Assistant District Attorneys, *J. Stroud Weber,* District Attorney, and *J. William Ditter, Jr.,* Assistant District Attorney, for appellee.

OPINION BY WRIGHT, J., January 14, 1955:

Following a trial by jury in Montgomery County, John Kopitsko was convicted of burglary and larceny. The evidence was introduced on Monday, November 2, 1953. Court was then recessed because of the general election scheduled for the following day. When court reconvened on Wednesday, Kopitsko's attorney made a motion for the withdrawal of a juror based upon the discovery that one of the members of the jury was an attorney, and "as a lawyer he is disqualified". On the list of petit jurors available to counsel, this juror's occupation was listed as "Insurance".[1] The motion was refused, and the trial proceeded. The court below subsequently refused to grant a new trial, sentence was imposed, and this appeal followed.

Appellant relies upon Section 2 of the Act of May 17, 1939, P. L. 157, 17 PS §1333, which reads as follows: "Only adult citizens of the United States, residents of the county and able to understand the English language, shall be eligible as jurors. Persons un-

---

[1] The opinion filed by Judge CORSON sets forth that the juror in question stated "that he was a member of the Philadelphia Bar, although he was at present employed by an insurance company".

der indictment, whether for felonies or misdemeanors, and persons who have been convicted of felonies are *ineligible* for jury service. Attorneys at law and physicians in active practice *shall not be listed* for jury service. If the name of any person who is ineligible for jury service is placed on the jury list the name of such person may be stricken off by the court of common pleas, oyer and terminer or quarter sessions, on motion made and proof offered of such ineligibility. This power may be exercised at any time *before any such juror is called and sworn* as a member of any jury (italics supplied)".

It should be noted that the enactment in question does not make attorneys ineligible for jury service. It merely provides that they shall not be listed. This statutory treatment of attorneys, as well as physicians, is in no way a reflection upon their capacity, integrity, or impartiality. On the contrary, it was the intention of the legislature to distinguish between persons ineligible because of unfitness to serve as jurors, and persons fit to serve as jurors but exempted from such service because the good of the community is promoted by the uninterrupted continuation of their regular duties. Such exemption is a privilege for the benefit of the exempted class and not for that of the litigants. In the words of Blackstone: "Besides these challenges, which are exceptions against the fitness of jurors, and whereby they may be *excluded* from serving, there are also other causes to be made use of by the jurors themselves, which are matter of exemption; whereby their service is *excused,* and not *excluded* . . . This exemption is also extended, by divers statutes, customs, and charters, to physicians and other medical persons, counsel, attorneys, officers of the courts, and the like; all of whom, if impaneled, must show their special exemption": Blackstone's Commentaries, Book III, page 364.

Appellant's real complaint is that, according to his theory, the occupation of the juror in question was incorrectly listed. He alleges that "he never would have permitted to go unchallenged the presence of a practicing attorney on the jury had he known that such was the case". It would not be unreasonable to hold that, since the juror was employed by an insurance company, his occupation[2] actually was insurance. Persons legally educated frequently follow other vocations. Howbeit, Section 9 of the Act[3] (17 PS §1340) expressly provides that objection to a juror based on disqualification for jury service must be made before he is sworn. Appellant's trial counsel did not exercise his right to examine the prospective jurors on their voir dire. He was not intentionally misled or deceived either by the juror or by the Commonwealth. Nor was the juror's actual occupation (assuming arguendo that the listing was incorrect) a prejudicial circumstance.

In *Commonwealth v. Penrose*, 27 Pa. Superior Ct. .101, it was discovered after trial that one of the jurors was an alien. President Judge RICE said: "There was

---

[2] According to Webster, "That which occupies, or engages, the time and attention; the principal business of one's life; vocation; business".

[3] "Any objection or challenge to jurors based on their disqualification for jury service under this act, or to the array based on any irregularity in the proceedings or procedure in and by which said jurors were selected, drawn, or summoned for jury service, must be made before said jurors or array of jurors are sworn and cannot be made thereafter. After jurors are sworn without objection all objections to their qualifications as prescribed by this act or to the manner of their selection, drawing, or summoning shall be deemed to have been waived. No indictment can be attacked or verdict challenged by reason of any juror's disqualification under this act, or any irregularity in the manner of selecting, drawing, or summoning jurors unless due objection is made before said alleged disqualified, or illegally selected jurors are sworn".

no imposition, no intentional withholding of information which the defendant was entitled to. The disqualification of the juror was a purely legal one which did not at all tend to impeach his capacity, integrity or impartiality. It would have been disclosed, if he had been interrogated at the time he was sworn, but the defendant voluntarily omitted to avail himself of the means at his hand for informing himself and the court upon the subject". Earlier in *Traviss v. Commonwealth,* 106 Pa. 597, 162 A. 495, it was stated: "The time to challenge is before the juror is sworn; if not exercised then, the right is waived. That waiver may be relieved against when the party affected has been intentionally misled or deceived by the juror or the opposite party; but it is not even pretended there was anything of the kind in this case. Neither the fairness nor the impartiality of the verdict is assailed on any ground connected with the relationship of the juror to the murdered woman. It is not and cannot be pretended that he or any of his fellows were in any manner influenced thereby". Also see *Romesberg v. Merrill,* 99 Pa. Superior Ct. 197 (juror related to defendant by marriage); *Commonwealth v. Dombek,* 268 Pa. 262, 110 A. 532 (juror not a citizen of the United States); *Commonwealth v. Walker,* 283 Pa. 468, 129 A. 453 (juror previously convicted of a crime); *Commonwealth v. Sydlosky,* 305 Pa. 406, 158 A. 154 (juror a British subject); *Commonwealth v. Peronace,* 328 Pa. 86, 195 A. 57 (juror related to the active prosecutor).

Appellant contends in this appeal for the first time that the charge of the trial judge was erroneous on the subject of reasonable doubt. No specific exception was taken to the charge in this respect; nor was the contention advanced in the lower court as a reason for a new trial. There is set forth in *Commonwealth v.*

*Kluska,* 333 Pa. 65, 3 A. 2d 398, a standard form of charge on reasonable doubt, to which trial judges should adhere. And see *Commonwealth v. Donough,* 377 Pa. 46, 103 A. 2d 694. While the approved language was departed from in the case at bar, the charge in its entirety sufficiently points out to the jurors the duty imposed upon them. See *Commonwealth v. D'Angelo,* 29 Pa. Superior Ct. 378. In the absence of fundamental error, objection to the charge cannot be made for the first time on appeal: *Commonwealth v. Ricci,* 161 Pa. Superior Ct. 193, 54 A. 2d 51; *Commonwealth v. Lehman,* 166 Pa. Superior Ct. 181, 70 A. 2d 404. A party may not sit silent and take his chances on a verdict, and, if it is adverse, complain of a matter which, if error, could have been rectified had the attention of the trial judge been called to it: *Commonwealth v. Spanos,* 153 Pa. Superior Ct. 547, 34 A. 2d 902. And see *Falgiatore v. Falgiatore,* 378 Pa. 586, 107 A. 2d 864. In the words of Judge (now President Judge) RHODES: "It is the long established and just rule that a trial court will not be reversed on matters in no way called to its attention, but raised for the first time on appeal, unless there has been some basic or fundamental error seriously affecting the merits of the case and imperatively calling for reversal": *Commonwealth v. Zang,* 142 Pa. Superior Ct. 573, 16 A. 2d 745.

Judgment affirmed.