Commonwealth *v.* Young, Appellant.

Argued September 27, 1954.   Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN,
JJ.

*Frederick B. Smillie* and *Smillie, Bean & Scirica,*
submitted a brief for appellant.

*Justin G. Duryea,* Assistant District Attorney, with
him *J. Stroud Weber,* District Attorney, for appellee.

OPINION BY WRIGHT, J., January 14, 1955:
Following a trial by jury in Montgomery County,
Charles Young was convicted of assault and battery.
One of the jurors selected to serve in the case was desig-
nated in the official jury list as "Wolfe, Elizabeth,

Housewife, 17 E. Airy St., Norristown". Unknown to counsel for either side, Mrs. Wolfe was at the time, in addition to her duties as housewife, an active Justice of the Peace with offices at the address indicated. The court below refused Young's motion for a new trial, and imposed sentence. This appeal followed. As stated by counsel for appellant, the question involved is: "Was it prejudicial error that a Justice of the Peace, listed on the list of Jurors as a 'Housewife,' served as a juror in a criminal matter without knowledge of defendant or defendant's counsel."

It is appellant's contention that a Justice of the Peace is disqualified from serving as a juror in a criminal case because he is an official of the Commonwealth. Section 2 of the Act of May 17, 1939, P. L. 157, 17 PS §1333, sets forth the qualifications for jurors in counties of the third class. We had occasion to consider this enactment in *Commonwealth v. Kopitsko*, 177 Pa. Superior Ct. 161, 110 A. 2d 745. It does not, either literally or by implication, disqualify a justice of the peace as a juror. However, it is contended by appellant's counsel "that this statute is in no way a comprehensive statement of the necessary qualifications of jurors, or an exclusive listing of items which disqualify certain persons as jurors". He relies principally on *Crawford v. U. S.*, 212 U. S. 183, 29 S. Ct. 260. In that case a juror listed as a druggist was found on voir dire examination to have a post office sub-station in his store. It was held that a challenge for cause should have been allowed on the ground that the juror was an employe of the government, and thus ineligible at common law. But this ruling was in effect disavowed in *U. S. v. Wood*, 299 U. S. 123, 57 S. Ct. 177, wherein Chief Justice HUGHES said: "In the light of the English precedents, and in the absence of any satisfactory showing of a different practice in the colonies,

we are unable to accept the ruling in the *Crawford* case as determinative here or to reach the conclusion that it was a settled rule of the common law prior to the adoption of the Sixth Amendment that the mere fact of a governmental employment, unrelated to the particular issues or circumstances of a criminal prosecution, created an absolute disqualification to serve as a juror in a criminal case".

Apparently the only Pennsylvania case in which the general subject was considered is *Commonwealth v. Romito*, 29 Wash. (Pa.) 155.[1] There a juror was listed as an undertaker, although he was also a deputy coroner. A new trial was sought on the ground that, as an employe of the county, the juror was prejudiced in favor of the Commonwealth. In dismissing the contention, President Judge GIBSON said, ". . . but we know of no law which disqualifies him to act as a juror, and the mere fact that, incidental to his business as an undertaker, he sometimes acted as deputy coroner, furnishes no reason why the verdict of twelve jurors should be set aside". The fact that a citizen of this Commonwealth is serving as a Justice of the Peace should not in itself disqualify him or her from acting as a juror, and we expressly so hold. This is the rule in at least two other jurisdictions,[2] and we know of none adopting a position to the contrary.

Appellant further contends that the listing of Mrs. Wolfe's occupation as "housewife" rather than "justice of the peace" was prejudicial since, even though she might not have been challenged for cause, she would

---

[1] Affirmed 166 Pa. Superior Ct. 158, 70 A. 2d 444. However, the question involved in the case at bar was not raised on the appeal.

[2] *State v. Lewis*, 31 Wash. 75, 71 P. 778; *People v. Kokocki*, 101 N.Y.S. 2d 316.

have unquestionably been removed by a peremptory challenge. Appellant's counsel did not exercise his right to examine the prospective jurors on their voir dire. It is not contended that there was any wilful deception on the part of the juror, or that she is actually not a housewife. A similar complaint was considered and rejected in *Commonwealth v. Kopitsko,* supra. What we said in that case applies as well to the case at bar, and need not be here repeated.

Judgment affirmed.