Commonwealth *v.* Rosario, Appellant.

Argued March 23, 1962. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John E. Backenstoe,* for appellant.

*Wilbur C. Creveling, Jr.,* Assistant District Attorney, with him *George J. Joseph,* District Attorney, for Commonwealth, appellee.

OPINION BY FLOOD, J., June 13, 1962:

Following a verdict of guilty on the charge of incest and rape, the defendant asked for a new trial upon the ground that the right of peremptory challenge was effectively denied him by certain misstatements of two jurors upon their voir dire.

The morning after the jury had returned its verdict, the defendant's counsel made a statement to the court that he had questioned the prospective jurors as to whether they were related to any law enforcement officer and each answered in the negative. He stated that he had questioned the first twelve as a body and had questioned individually each juror called thereafter, that two of the jurors, who were not among the first twelve called but were eventually chosen, were parents of troopers of the Pennsylvania State Police, and that their denials of such relationship on voir dire were misstatements which prevented him from properly exer-

cising the defendant's right of peremptory challenge. He further stated that he had not learned these facts until after the verdict had been rendered.

The district attorney replied that, although he remembered that the particular question was asked of the first twelve jurors, he did not have a recollection that it was asked of the two in question, both of whom were called subsequent to the first twelve.

The trial judge, in his opinion, denying the defendant's motion, assumed that each prospective juror had been asked whether he or she was related to a law enforcement officer and that the two jurors in question either failed to answer or answered in the negative. He also assumed that defense counsel did not learn the true facts until after the rendition of the verdict. However, he refused to grant a new trial because there was no evidence (1) that the two jurors intentionally misled or deceived counsel for the defendant or (2) that their presence on the jury in any way affected the verdict. He did this in reliance upon the cases of *Traviss v. Commonwealth,* 106 Pa. 597 (1884); *Romesberg v. Merrill,* 99 Pa. Superior Ct. 197 (1930); and *Commonwealth v. Kopitsko,* 177 Pa. Superior Ct. 161, 110 A. 2d 745 (1955).

However, in *Traviss v. Commonwealth,* supra, the relationship of the juror to the victim of the crime was not known to the juror at the time of the trial and, as the lower court said: "His judgment could not have been affected, even insensibly, by a circumstance of which he had not the slightest knowledge." 106 Pa. at page 607.

In *Romesberg v. Merrill,* supra, the prospective jurors were asked whether any of them were related to the parties. One who was related to the defendant by marriage, did not understand the question to be an inquiry as to a relationship by marriage and consequently did not answer. It was held that it was "the duty

of the attorneys for the plaintiff to satisfy themselves upon this question and to give the jurors a chance of understanding the question." 99 Pa. Superior Ct. at page 200.

In *Commonwealth v. Kopitsko, supra,* the attorney waived his right to challenge by failing to exercise his right to examine the prospective jurors on voir dire.

The trial judge placed upon the defendant the burden of showing that the two jurors in question deliberately lied. He concluded that, while the jurors may have given incorrect answers, they did not intend to deceive. He also concluded that the jurors' relationships to law enforcement officers did not affect the verdict. We do not believe that, if incorrect and misleading answers were thus given, the defendant is remediless unless he can prove an intent to deceive. Furthermore, while an intent by the prospective juror to deceive might be conclusive proof of prejudice, absence of such intent is not necessarily conclusive evidence that there was no prejudice.

The decisions in the cases relied upon and discussed above did not turn upon lack of evidence of intent to deceive on the part of the juror. In one the false answer was given by one totally ignorant of the relationship, which, as a result could not have prejudiced him against the defendant. In the second, the question on voir dire was not clear and was misunderstood. In the third, counsel did not exercise his right of voir dire examination. In the last two cases there was no false answer given. In the first, the situation could not create prejudice. The complete lack of prejudice or the absence of an incorrect answer by the prospective juror furnished sufficient ground for the decisions.

Here, under the uncontradicted statement of defense counsel and the assumption of the trial judge, incorrect answers to clear questions misled counsel, without any fault or neglect on his part, and thus prevented an in-

telligent exercise of the defendant's right of peremptory challenge. This being so, we cannot speculate as to whether the defendant was harmed in fact by this deprivation of his right.

The judgment is reversed and a new trial is ordered.

---

DISSENTING OPINION BY WRIGHT, J.:

There is no constitutional right to any peremptory challenges; the right is legislative in origin: *Commonwealth v. DiFilippo,* 176 Pa. Superior Ct. 608, 109 A. 2d 224. A defendant is entitled to a trial by a fair and impartial jury, but not to a trial by any particular juror or jurors: *Commonwealth v. Antico,* 146 Pa. Superior Ct. 293, 22 A. 2d 204. All we have before us in the case at bar is a post-verdict statement by appellant's trial counsel which is not supported by anything in the record. It has not been established that the jurors in question actually gave false answers, or intended to deceive, or that their verdict was improperly influenced. We recently discussed this subject and reviewed the cases in *Commonwealth v. Kopitsko,* 177 Pa. Superior Ct. 161, 110 A. 2d 745. My examination of the instant record reveals that appellant had a fair trial, and was properly convicted. I would affirm the judgment below.

RHODES, P. J., and WOODSIDE, J., join in this dissent.