# Yoder v. Union Township School District

*John B. Schaner*, for plaintiff.

*Robert B. Brugler*, for defendant.

LEHMAN, P. J., June 30, 1965. — Plaintiff filed this action in equity on June 3, 1965, seeking to enjoin defendant school district from levying, assessing or collecting an occupation tax from him on the ground that he is classified on the assessment records as a farmer . . .

The sole question is whether farmers may be subjected to an occupation tax under the authority of the Tax Anything Act.[1]

The above act, as amended, provides that "[t]he duly constituted authorities of . . . cities of the second class, cities of the second class A, cities of the third class, boroughs, towns, townships of the first class, townships of the second class, school districts of the second class, school districts of the third class and school districts of the fourth class may . . . for general revenue purposes, levy, assess and collect or provide for the levying, assessment and collection of such taxes as they shall determine to be paid . . . on persons, transactions, occupations, privileges, subjects and

---

[1] Act of June 25, 1947, P. L. 1145, sec. 1, as amended, 53 PS §6851.

personal property within the limits of such political subdivisions, except that such local authorities shall not have authority by virtue of this act . . . (4) to levy, assess and collect a tax on goods and articles manufactured in such political subdivision or on . . . farm products produced in such political subdivision or on the preparation or processing thereof for use or market, *or on any privilege, act or transaction related to the business of manufacturing, the production, preparation or processing of . . . farm products,* by manufacturers, by producers and by farmers with respect to the goods, articles and products of their own manufacture, production or growth. . . ." (Italics supplied.)

It will be noted that this enabling act permits the imposition of taxes on ". . . persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivisions. . ." However, the act provides further that "local authorities shall not have authority by virtue of this act . . . to levy, assess or collect a tax . . . on any privilege, act or transaction related to . . . the production, preparation or processing . . . of farm products . . . by farmers with respect to the . . . products of their own . . . production or growth . . . or on the transportation, loading, unloading . . . or storage of such . . . products . . ."

Counsel for plaintiff argues that the tax on the occupation of a farmer is a tax on a privilege, act or transaction related to the production, preparation or processing of farm products by farmers with respect to the products of their own growth. Counsel for defendant concedes the exemption of the "privilege, act or transaction" described in the act but contends that occupation is something different and not included within the ambit of these three terms.

Defendant's counsel stated at argument that this act must be strictly construed. With this we wholeheartedly agree.

The Tax Anything Act, authorizing a township to impose taxes, must be strictly construed against the township: Rose Township v. Hollobaugh, 179 Pa. Superior Ct. 284, 116 A. 2d 323.

Counsel for defendant points out that the word occupation appears in the series enumerated upon which a tax may be imposed, but is absent from the list of terms which are excepted and instead we find the word *act*. This latter noun has been defined by the courts to mean anything done or doing, a thing done or established, something done voluntarily by a person: Busha v. Aquinaldo, 84 N. J. Super. 577, 202 A. 2d 893, 898. The word *occupation* as defined by Webster has been adopted in our Commonwealth as "That which occupies, or engages, the time and attention; the principal business of one's life; vocation; business": Commonwealth v. Kopitsko, 177 Pa. Superior Ct. 161, 110 A. 2d 745.

Let us then examine the occupation of a farmer. What else conceivably does it consist of but privileges, acts or transactions related to the production, preparation or processing of farm products and the transportation thereof? In our opinion this encompasses the vocation of a farmer and therefore, this occupation is specifically excepted by the very act which authorizes the imposition of a tax by this local authority on any occupation.

Although two other common pleas courts have reached a like conclusion: Miller v. York Imperial School District, 23 D. & C. 2d 406, 74 York 25 (1960), and Brandt v. Conewago Township School District, 82 Dauph. 192, (1964), we have examined this question in detail and independently concur with their interpretation of the law.

### Conclusions of Law

1. This equity court has jurisdiction of the parties and of the subject matter.

318

2. The resolutions of the school district of the Township of Union imposing occupation taxes for the school years 1964-65 and 1965-66, were enacted under the authority of the Act of June 25, 1947, P. L. 1145, as amended, 53 PS §6851, known as the Tax Anything Act.

3. The Tax Anything Act does not authorize the imposition of an occupation tax on the occupation of a farmer.

4. An injunction should issue restraining defendants from levying, assessing or collecting occupation taxes for the years 1964-65 and 1965-66 from plaintiff because his occupation is that of farmer.

DECREE NISI

Now, June 30, 1965, it is ordered, adjudged and decreed that defendant be and it is hereby enjoined and restrained from levying or assessing or collecting tax on plaintiff's occupation of farmer for the years 1964-65 and 1965-66. Exception is noted to Robert B. Brugler, counsel for defendant.