Commonwealth *v.* Domingquez, Appellant.

Submitted November 8, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

224

*Nicholas J. Nastasi, Vito F. Canuso, Jr.,* and *Nastasi & Canuso,* for appellant.

*Jeffrey Philip Paul* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 19, 1973:

On December 20, 1960, appellant pled guilty to murder generally. A degree-of-guilt hearing ensued, before a three-judge court, and appellant was found guilty of first-degree murder and sentenced to life imprisonment. No appeal from the judgment of sentence was prosecuted at that time. In October of 1969, appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580 et seq., 19 P.S. §1180 et seq. In his Post Conviction Hearing Act petition, appellant asserted that his guilty plea was not knowingly and intelligently made, since it was the product of an unconstitutionally obtained confession, that the evidence did not support a finding of guilty

of first-degree murder, and that the record of the trial court's proceeding was incomplete. An evidentiary hearing was held, at which appellant's trial counsel testified. The post-conviction court found that the confession was voluntary, that the guilty plea was knowingly and intelligently entered, and that the record was complete. The court also found, however, that appellant had not been advised of his right of appeal and, therefore, dismissed the Post Conviction Hearing Act petition, but granted leave to appellant to file an appeal from the judgment of sentence, nunc pro tunc. That appeal is now before us.

Appellant had been accused, together with a codefendant, James Vento, of the murder of Frank Agnalla. Agnalla had died of some thirty-one stab wounds inflicted by appellant. The record in this case indicates that appellant and Agnalla had had a heated altercation prior to the killing, and that there was "bad blood" between them from that time until the date of the murder. On the date of the murder, at sometime between 2 a.m. and 4 a.m., appellant and Vento equipped themselves with a knife, a crowbar and a gun and forced their way into an abandoned house next door to the house occupied by the victim. From the abandoned house they jumped across a space three feet wide to the roof of the victim's house. They entered the victim's room, where a fight ensued in which appellant stabbed the victim to death.

Appellant and Vento were charged with the crime, and the cases were severed, the Commonwealth bringing Vento to trial first. Appellant appeared at Vento's trial as a Commonwealth witness and testified as to the details of the crime. Vento was found guilty by a jury of murder in the first degree and punishment was fixed at life imprisonment. Subsequently, appellant was brought to trial, and at the degree-of-guilt hearing,

the Commonwealth and appellant's counsel entered into a stipulation that the testimony of the Vento trial might be introduced in evidence at appellant's degree-of-guilt hearing. On the basis of the Vento record and the evidence submitted at the degree-of-guilt hearing, the three-judge court, as indicated, fixed the degree of guilt as first-degree murder and imposed a sentence of life imprisonment.

Appellant's first allegation of error deals with the voluntariness of his guilty plea. It is his contention that he was held incommunicado for a period of twenty-four hours subsequent to his arrest and questioned by relays of police officers. He contends that the confession which resulted from that questioning procedure was coerced and that the existence of that coerced confession was the primary motivation for the guilty plea which followed.

The record in the post-conviction hearing fails to establish the requisite elements to set aside the plea. The post-conviction court found that the confession was, in fact, voluntary and, therefore, admissible. We need not decide that question because the post-conviction hearing record establishes plainly that the existence of the confession was not the primary motivation for the plea. Appellant's trial counsel testified that he advised appellant fully and informed him that the evidence against him, including, of course, his testimony at the Vento trial, was very strong. He advised appellant that the circumstances of the crime showed elements of premeditation and that the infliction of thirty-one stab wounds on the victim would be difficult for the appellant to explain at trial. His conclusion, concurred in by appellant, was that the best procedure would be to plead guilty to murder generally, in the hope that the court might make a finding of second-degree murder because appellant had cooperated with the Common-

wealth in the Vento case and because the court might find that appellant was too intoxicated to form the requisite intent for first-degree murder. Those considerations formed the basis for the guilty plea, rather than the existence of the confession, whether that confession was voluntary or involuntary.

Appellant next contends that the evidence was insufficient to support a verdict of first-degree murder. As has been indicated, appellant and his co-defendant armed themselves, broke into the next-door property, leaped to the roof of the victim's house, entered the room where the victim was sleeping and there killed him, after a history of "bad blood" between appellant and his victim, characterized by previous assaults and threats. In addition, of course, the infliction of thirty-one stab wounds on the victim in and of itself might well provide all the evidence necessary of intent to kill. Nor can we say, as urged by appellant, that his condition of intoxication prevented the crime from rising above second-degree murder. As pointed out by a member of the degree-of-guilt panel, appellant was sufficiently in control of his faculties to negotiate a break-in and a nocturnal leap from the roof of one building to another in order to accomplish his purpose. In such circumstances, we cannot say that the degree-of-guilt panel committed error in dismissing the defense of intoxication. Additionally, we might point out that in *Commonwealth v. Vento*, 410 Pa. 350, 189 A. 2d 161 (1963), a case in which we, on other grounds, granted a new trial to appellant's co-felon, we said, at page 352: "A reading of the record readily manifests more than ample evidence to sustain the guilty verdict and to establish the defendant's active and important role in this *brutal and premeditated killing*." (Emphasis supplied.) The *Vento* record, having been admitted by stipulation, is a part of this degree-of-guilt hearing and it, together

with the degree-of-guilt hearing testimony, presents just as clear a picture of premeditated killing here as we found in *Vento*.

Appellant also complains that the trial record is incomplete and it was, therefore, impossible for him to appeal the judgment of sentence. Initially, it must be pointed out that appellant is now appealing the judgment of sentence. As to the completeness of the record, appellant says only that he has no way of knowing what was believed by the degree-of-guilt panel in reaching its verdict. The simple answer to that is that the degree-of-guilt panel had before it the record of the Vento trial, admitted by stipulation, as well as the degree-of-guilt hearing testimony, and that viewing all of that evidence in the light most favorable to the Commonwealth, as we are required to do, *Commonwealth v. Williams*, 450 Pa. 158, 299 A. 2d 643 (1973), *Commonwealth v. Lee*, 450 Pa. 152, 299 A. 2d 640 (1973), we are convinced that the panel was justified in setting the degree of guilt as murder in the first degree.

Judgment of sentence affirmed.

Mr. Chief Justice JONES and Mr. Justice EAGEN concur in the result.