Commonwealth *v.* Wilson, Appellant.

*Francis X. Nolan,* and *Donsky, Katz, Levin & Dashevsky,* for appellant.

*Louis A. Perez, Jr., James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

The sole issue on appeal is whether appellant's guilty plea was made voluntarily and intelligently.

On April 21, 1972, appellant entered a plea of guilty before the Honorable Joseph L. MCGLYNN, Judge of the Common Pleas Court of Philadelphia County, to burglary, aggravated robbery and resisting arrest. The charges arose from a service station robbery during which appellant brutally beat the proprietor and then took a sum of money from his pants pocket.

The lower court judge conducted an extensive colloquy before accepting appellant's plea. After examining the record, we find that the plea was made volun-

tarily and intelligently in conformity with Pa. R. Crim. P. 319 and *Commonwealth v. Williams*, 442 Pa. 431, 275 A. 2d 103 (1971).

Appellant argues that his plea should not have been accepted as the colloquy disclosed the fact that appellant was "high" on drugs at the time of the commission of the crime. Assuming this fact to be true, which the trial judge found to be incredible, the appellant's self-induced drugged condition would not be a defense to the crimes for which appellant was charged. Like self-induced intoxication, a drugged condition is not an excuse for a criminal act. With regard to a murder charge, our Supreme Court has stated the rule to be: "Intoxication is not a defense to relieve a defendant from responsibility for crime except that in some cases of felonious homicide, if it so clouds the intellect as to deprive it of the power of deliberation or premeditation, it may serve to reduce the crime of murder from first to second degree." *Commonwealth v. Simmons*, 361 Pa. 391, 404, 65 A. 2d 353 (1949); see also *Commonwealth v. Domingquez*, 450 Pa. 223, 227, 299 A. 2d 216 (1973). The self-induced intoxication or drugged condition of an actor goes only to the question of the grade or degree of the crime and not to the existence of a complete defense. *Commonwealth v. Tarver*, 446 Pa. 233, 240, 284 A. 2d 759 (1971); *Commonwealth v. Walker*, 283 Pa. 468, 474, 129 A. 453 (1925).

In accepting the appellant's plea, the trial judge could properly weigh the significance of appellant's claim in mitigation of the severity of the crime as committed. It was within the power of the trial court to accept the plea and impose sentence on simple robbery if appellant's story proved credible. The facts of the case, however, did not bear out appellant's story of reduced capacity. The offense was committed with design and brutality. Our Supreme Court has often stated the law to be that where the operative facts and

behavior of actor provide ample evidence to sustain a finding of requisite intent to convict on a more serious offense, the appellate courts will not substitute their appraisal of the case for the trial court's. *Commonwealth v. Domingquez,* supra; *Commonwealth v. Vento,* 410 Pa. 350, 189 A. 2d 161 (1963).

The issue was one of credibility. The appellant was told that his story could serve as a defense or tend to reduce the grade of his offense. The trial judge asked the appellant if he still wanted to plead guilty to the more serious charges against him, and the appellant assented.

In view of the circumstances of the case, we affirm the judgment of sentence.