# Commonwealth *v.* Hudson, Appellant.

*Criminal law—Murder—Evidence—Confession—Severance.*

1. Where defendants are tried together, a confession of one of them may be admitted in evidence, though made after the crime was committed, provided the trial judge cautions the jury that it must be given no effect except as against the party making it.

2. This rule applies though the other defendants may be incidentally prejudiced; if they did not wish to take this risk they should have asked for a severance.

*Appeals—Assignments of error—Criminal law—Sentence.*

3. An assignment alleging error in imposing sentence will be overruled if the record shows the time has arrived for its imposition, and it is in the form prescribed by statute.

Argued January 3, 1921. Appeals, Nos. 260, 261, 262 and 263, Jan. T., 1921, by defendants, from judgments of O. & T. Erie Co., Nov. T., 1920, No. 50, on verdict of guilty of murder of the first degree, in cases of Commonwealth v. Milton Hudson, Robert Trammel, William Stragin and Steve Schiop. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before ROSSITER, P. J.

The opinion of the Supreme Court states the facts.

Verdict, murder of the first degree on which sentence of death was passed on each defendant separately. Defendants appealed.

*Errors assigned* were (1, 2) admission of confessions, quoting record, and (3) sentences, quoting them.

*William C. Crosby,* with him *H. Bedford Duff,* for appellants.—To make declarations of an alleged conspirator admissible in evidence against his coconspirators, there must be preliminary proof of the joint purpose and action, not necessarily conclusive, but sufficient to submit to the jury on that fact; and declarations so admissible must have been made during the pendency of the conspiracy: Marshall v. Faddis, 199 Pa. 397; Heine v. Com., 91 Pa. 145; Wagner v. Haak, 170 Pa. 495; Com. v. Zuern, 16 Pa. Superior Ct. 588; Com. v. Donnelly, 40 Pa. Superior Ct. 116; Logan v. U. S. 144 U. S. 263.

*C. Arthur Blass,* District Attorney, with him *Otto Herbst,* Assistant District Attorney, for appellee.—If proper warning was given by the court to the jury to disregard such portions of each statement as involved any one else than declarant, and if then each statement was admitted as against declarant or confessor alone, there was no error: Fife v. Com., 29 Pa. 429; Brandt v. Com., 94 Pa. 290; Com. v. Biddle, 200 Pa. 640.

OPINION BY MR. JUSTICE SIMPSON, February 14, 1921:

These four appellants were jointly indicted for murder; were tried together without objection; were all convicted; each was separately sentenced to be executed; and each prosecuted one of the foregoing appeals, the assignments of error being the same in each case and but one argument being made for all of them. We shall follow the same course and decide all the appeals in a single opinion.

On September 26, 1920, about 2:30 a. m., a burglary and murder (Szimmin Florian being the victim) took place at No. 1145 Prospect avenue, in the City of Erie. From the proofs properly admissible against each of the defendants, there can be no reasonable doubt that the four men concerned in these crimes, were those convicted by the jury, and are the defendants in these cases. Each of them, except Milton Hudson, made a confession show-

ing his connection with the crimes and implicating the other defendants; they were duly proved and admitted in evidence at the trial, but in each case only as against the particular party making it, the trial judge being careful, both at the time of their admission and in his charge to the jury, to caution the latter to give no other weight thereto. The admission of these confessions is assigned as error but since this court has repeatedly held that, as thus limited, such evidence is admissible, it is necessary to refer only to Brandt v. Com., 94 Pa. 290, 299, where we said: "It was undoubtedly competent for the Commonwealth to introduce any testimony that tended to prove the guilt of either of the parties on trial. Having elected to be tried together, the accused had subjected themselves to the necessary incidents of a joint trial, one of which was the admission of competent testimony against one of them which might incidentally prejudice the others. They had no right to insist on the rejection of such testimony on that ground: Fife et al. v. Com., 5 Casey 429. On several occasions during the trial the learned judge took the precaution of saying, that declarations of some of the prisoners were not to be regarded as evidence against others, whose names were incidentally mentioned, unless their participation in the crime was shown by other competent evidence."

The first and second assignments of error in each case are, therefore, overruled. The only other assignments allege error in the sentences imposed upon defendants, and these also must be overruled since the record shows the time had arrived for their imposition and they are in the form prescribed by statute.

The assignments of error are all overruled, the judgments and sentences of the court below are affirmed and the records are remitted for purposes of execution.