## Commonwealth *v.* Novak, Appellant.

Argued September 27, 1949. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ., (RENO, J., absent).

*Irving L. Epstein,* for appellant.

*Carlon M. O'Malley,* District Attorney, with him *Ellis Berger,* Assistant District Attorney, for appellee.

OPINION BY RHODES, P. J., November 15, 1949:

Defendant, Leonard Novak, has appealed from judgment and sentence following his conviction on an indictment charging armed robbery. Novak was jointly indicted and tried with Joseph Boyle and Joseph Rogers, who were his alleged accomplices in holding up Sam Maruzzi at his grocery store at 643 Moosic Street, Scranton, Pennsylvania, at or about ten o'clock p. m. on De-

cember 11, 1947. They were convicted. The three defendants moved for new trials. Boyle and Rogers withdrew their motions and were sentenced. Novak's motion for new trial was refused, and he has appealed.

The Commonwealth established by the evidence that two men, in succession, entered Maruzzi's store near closing time, or about 9:45, on the evening of December 11, 1947. Maruzzi went to wait on the first man who had entered. This individual thereupon drew a gun and said to Maruzzi "stick-up." The second man held a gun against Maruzzi's back and made him walk to the rear of the store, where he took from Maruzzi's pocket his wallet containing $180. Meanwhile, the first robber emptied the cash register of $70. A third man appeared at the main door of the store, and, armed with a gun, ordered Maruzzi to get back in the rear room or he would be shot. The three men then left together. None of the robbers was masked, and Maruzzi was positive in his identification of appellant as the second man, or the one who had taken his wallet from his person at the point of a gun. The victim also identified the defendant Boyle as the first man who had entered his store. He was unable to "identify precisely" the third individual. No other persons were in the store at the time of the robbery. Appellant denied participation and alleged that he was at home with his wife and neighbors, in Wilkes-Barre, at the time of the robbery in Scranton.

Appellant first alleges that the trial court erred in refusing to grant his petition for severance. The basis for appellant's petition for severance was that the other two defendants, Boyle and Rogers, had been indicted jointly or severally in Lackawanna County for nine distinct robberies; that Rogers had escaped from the Schuylkill County Jail at Pottsville, and was subsequently recaptured; that newspaper articles covering Rogers' jail break mentioned the name of appellant as being connected with Boyle and Rogers. Under section

40 of the Act of March 31, 1860, P. L. 427, 19 PS §785, where two or more persons are jointly indicted for any offense, other than felonious homicide, it is within the discretion of the trial court to try them jointly or severally. We will not reverse the court's action except for a clear abuse of that discretion. *Com. v. Quinn,* 144 Pa. Superior Ct. 400, 405, 19 A. 2d 526; *Com. v. Moll,* 142 Pa. Superior Ct. 519, 524, 16 A. 2d 324; *Com. v. Mulroy,* 154 Pa. Superior Ct. 410, 36 A. 2d 337. We find no abuse of discretion upon the part of the trial court in refusing this appellant a severance.

The principal question raised by appellant on this appeal is whether the trial judge adequately instructed the jury to disregard certain statements and confessions of the two codefendants, Boyle and Rogers, which implicated appellant as a participant in the robbery. The defendant Boyle had signed a three-page written confession in the Wyoming State Police Barracks. In this confession Boyle admitted a series of seven armed robberies in the City of Scranton, including the holdup of Maruzzi. The confession named Rogers as an accomplice in all of the robberies, and both Rogers and appellant Novak as accomplices in the robbery at Maruzzi's store for which offense the three defendants were on trial in this case. When Boyle's confession was first introduced in evidence, it was read to the jury by the district attorney with the names of the accomplices deleted or read as "blank." At this time the trial judge cautioned the jury: "A confession is only admissible as evidence against the party who made the statement, the person who signed it and who uttered the words that are in it; and for that reason I have instructed the district attorney to read the statement in its entirety, but to leave out any reference to any other person whose name may appear in this statement that Mr. Boyle is alleged to have given." When the defendant Boyle took the stand in his own behalf, he repudiated his alleged confession. Accordingly, the district attorney was

granted permission by the trial judge to cross-examine Boyle by reading the questions and answers in Boyle's alleged confession for the purpose of attacking his repudiation of his confession. In so using Boyle's confession the district attorney read the names of the alleged accomplices, including the alleged statement by Boyle that his accomplices on the Maruzzi robbery were Rogers and appellant. The trial judge thereupon explained to the jury why Boyle's confession was being read, and, at the request of appellant's counsel, specifically instructed the jury that the confession of Boyle, implicating Rogers and appellant, "is not evidence against the other two defendants at this point in the case, and you should not consider it as evidence against the two defendants Novak and Rogers at this point in the case. It is only evidence against the man who is alleged to have given the answers to the questions asked, . . ."

Appellant also assigns in this connection as a ground for a new trial the statement made by a Commonwealth witness, George Green, a city detective, that, in riding from Scranton to Pottsville in a car with other police officers and the defendant Rogers, Rogers told the witness "the reason he plead not guilty to that case [the Maruzzi robbery] was that he did not want to involve Leonard Novak in that case." The trial judge refused the request of counsel for the withdrawal of a juror, and instructed the jury as follows: "Members of the jury, you will disregard any statement that the defendant Rogers made not in the presence of the defendant Novak. There has been a statement by the witness on the stand to the effect that the defendant Rogers gave a certain reason why he didn't enter a plea of guilty before the police magistrate. Now, anything in that statement that has to do with the defendant Novak or any other defendant but Rogers, you are not to consider, because the utterances and admissions of one defendant can

only be used as evidence against him and not against anybody else." Again, in the general charge to the jury, the trial judge, referring to the confession of the defendant Boyle, stated: "You are to consider that confession in determining the guilt or innocence of the defendant who made it; but it is only evidence against him, and you are not to consider it as evidence against the other defendants in the case. It can not be used as evidence against the other defendants in any way." At the conclusion of the charge of the court, counsel for appellant asked the trial judge to repeat the instruction which had been given at the time Detective Green testified, in which testimony he mentioned the statement of the defendant Rogers referring to appellant. The instruction was not repeated.

Our appellate courts have said that a confession is evidence only against the person who made it and will not be admitted to affect others who participated in the crime. *Com. v. Epps*, 298 Pa. 377, 148 A. 523; *Com. v. Martin*, 124 Pa. Superior Ct. 293, 299, 300, 188 A. 407. However, in the case of a joint trial, a confession may be admitted against the party making it, the trial judge being careful to protect the codefendants' rights by proper cautionary instructions to the jury. *Com. v. Hudson*, 269 Pa. 176, 112 A. 434; *Com. v. Farrell*, 319 Pa. 441, 444, 181 A. 217; *Com. v. Berman*, 119 Pa. Superior Ct. 315, 329, 181 A. 244. Whether the prejudice resulting from the introduction of a confession implicating several defendants on a joint trial can be nullified by proper instructions to the jury is a question for the trial judge in the exercise of a sound discretion. *Com. v. Dolan*, 155 Pa. Superior Ct. 453, 459, 38 A. 2d 497. Further, when a trial judge admits evidence and at the same time, or later in his charge, instructs the jury that such evidence is "not any measure of proof of a defendant's guilt or innocence," it must be taken for granted that the jury obeys the instruction and that therefore the admission of what was legally inadmis-

sible evidence was harmless error. *Com. v. Fugmann,* 330 Pa. 4, 17, 18, 198 A. 99, 106. Where the instruction to disregard the inadmissible testimony is not given, or is given under circumstances which do not adequately protect defendant's rights, a new trial is necessary. *Com. v. Fugmann,* supra, p. 18. In the present case the trial judge specifically and at length cautioned the jury to disregard the statements and confessions, except as to the defendant making them, at the time such evidence was introduced, or on three different occasions during the trial. He also made reference to such a principle in his general charge. Appellant's rights were amply protected in this respect. It is unnecessary to reiterate or affirm a point when the proposition covered by the point was already comprehended in instructions to the jury and would have been mere repetition of what had been said. *Com. v. Chrostowski,* 112 Pa. Superior Ct. 466, 470, 171 A. 901; *Com. v. Weinstein,* 133 Pa. Superior Ct. 237, 244, 2 A. 2d 555; *Com. v. Mezick,* 147 Pa. Superior Ct. 410, 422, 24 A. 2d 762.

Appellant's counsel cross-examined the Commonwealth's witness, George Donaldson, a city detective, at some length, in an effort to show that the police had attempted to obtain a confession by force from appellant after the latter's arrest. In answer to a question by appellant's counsel as to whether Donaldson had tried to persuade appellant, the night of his arrest in the Wyoming State Police Barracks, to admit the robbery, Donaldson replied: "A. Yes, I talked to him, in the presence of his parole officer at the time, at Wyoming Barracks." Appellant's counsel made no objection to this reference by the witness to the presence of appellant's parole officer, but counsel did object when Donaldson, in answer to another question later in his testimony, again mentioned the presence of appellant's parole officer. The fact that appellant's counsel did not object to the first reference by the witness to the pres-

ence of the parole officer shows that such reference was entirely incidental. Furthermore, both references were brought about in response to questions of appellant's counsel on cross-examination. No objection was made by counsel to the first reference to the presence of the parole officer; and, with such testimony already on the record without objection, the trial court's refusal to strike out the second reference cannot be made the basis for reversal. *Com. v. Sydlosky*, 305 Pa. 406, 412, 158 A. 154. Under the circumstances we do not think that this action of the trial judge was prejudicial to appellant or constituted reversible error.

We are of the opinion, from an examination of the entire record, that the rights of the appellant were amply protected; that he received a fair trial; and that the evidence fully supports the verdict.

Judgment and sentence are affirmed.