Commonwealth *v.* Vento, Appellant.

Argued November 26, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Charles S. Schermer,* for appellant.

*Burton Satzberg,* Assistant District Attorney, with him *Michael D. Battaglini* and *Arlen Specter,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, March 19, 1963:

Frank Agnello suffered an untimely death due to thirty-one stab wounds deliberately inflicted by one Rudolfo Dominquez. The defendant, James Vento, whom the Commonwealth charged "aided, abetted, procured and assisted" Dominquez in the commission of the crime, was arrested and jointly indicted with him on the charge of murder. The Commonwealth requested and obtained a severance and then elected to proceed to trial against the defendant, Vento, alone.[1] At trial, a jury returned a verdict of guilty of murder in the first degree and fixed the punishment at life imprisonment. Motions for a new trial and in arrest of

---

[1] Dominquez, subsequent to Vento's trial, plead guilty to the indictment, was adjudged guilty of murder in the first degree and sentenced to life imprisonment.

judgment were denied. The defendant appeals from the judgment of conviction and sentence.

A reading of the record readily manifests more than ample evidence to sustain the guilty verdict and to establish the defendant's active and important role in this brutal and premeditated killing. The motion in arrest of judgment was, therefore, properly overruled and need not detain us. Unfortunately, however, substantial and prejudicial trial error demands the grant of a retrial.

At trial, Dominquez testified as a Commonwealth witness implicating the defendant in the killing. A statement or confession given by Dominquez to the police after his arrest was also admitted into evidence over objection of defense counsel.

As a general rule, a confession is evidence only against the person who made it and should not be admitted to affect the question of the guilt of others who participated in the crime: *Commonwealth v. Epps,* 298 Pa. 377, 148 A. 523 (1930); *Commonwealth v. Martin,* 124 Pa. Superior Ct. 293, 188 A. 407 (1936); *Commonwealth v. Lennon,* 124 Pa. Superior Ct. 47, 188 A. 84 (1936). If the confessor is a defendant *in a joint trial,* the confession may be admitted *against the party making it,* although its contents may implicate others. However, in such a case, the trial judge should carefully protect the co-defendant's rights by proper cautionary instructions to the jury and the failure to do so constitutes reversible error. See, *Commonwealth v. Novak,* 165 Pa. Superior Ct. 576, 69 A. 2d 186 (1949); *Commonwealth v. Berman,* 119 Pa. Superior Ct. 315, 181 A. 244 (1935); *Commonwealth v. Hudson,* 269 Pa. 176, 112 A. 434 (1921).

The instant case was not a joint trial; Dominquez was not a party defendant; and, further, there was not an iota of cautionary instructions given to the jury as to the impact or bearing of this confession upon the

guilt of the defendant, Vento. Also, a submitted point specifically requesting such instructions was denied by the trial judge.

If the confession were made in Vento's presence or subsequently repeated to him without his denying or repudiating any of the statements it contained, or if he remained silent although he had the opportunity and liberty to speak, again it would be proper evidence against Vento as an admission against interest: *Commonwealth v. Brooks,* 355 Pa. 551, 50 A. 2d 325 (1947); *Commonwealth v. Bolish,* 381 Pa. 500, 113 A. 2d 464 (1955); *Commonwealth ex rel. Stevens v. Myers,* 398 Pa. 23, 156 A. 2d 527 (1959). The probative force is derived, not from the credibility of the accuser, but from the silence of the accused in response to it, under circumstances which demanded that he speak: *Commonwealth v. Vallone,* 347 Pa. 419, 32 A. 2d 889 (1943). But the factual situation herein did not present such a case. The confession of Dominquez was not made in Vento's presence and when it was read to him later, admittedly, he vehemently denied its allegations.

The Commonwealth contends that the confession was admissible as a prior consonant statement to bolster the credibility of Dominquez's testimony at trial, which was shaken by a vigorous cross-examination. The trial judge in receiving it in evidence indicated that this was the basis for its admission. A consonant declaration may be admitted in contradiction of evidence tending to show that the testimony of the declarant at trial is a fabrication of a recent date and to show that the same statement was made before its ultimate effect on the question trying could have been foreseen. *Risbon v. Cottom,* 387 Pa. 155, 127 A. 2d 101 (1956); *Keefer v. Byers,* 398 Pa. 447, 159 A. 2d 477 (1960); *Commonwealth v. Ford,* 199 Pa. Superior Ct. 102, 184 A. 2d 401 (1962). Moreover, disparaging questions on cross-examination may, in themselves, con-

stitute a sufficient attack upon the witness's credibility to warrant the admission of the consonant declaration, *Keefer v. Byers,* supra.

Assuming arguendo, that the prior confession of Dominquez was properly admitted for this purpose, the trial judge failed to explain to the jury the reason for its admission and to instruct the jury that it was to be considered for the limited purpose of resolving the credibility of Dominquez's testimony at trial. In this respect, the charge was inadequate. The failure to charge on the relevancy of a prior consonant declaration in the absence of a specific request would not, in itself, be sufficient to require the grant of a new trial in every case. See, *Commonwealth v. Ford,* supra. However, we are here concerned with the admission in evidence of a prior statement in the nature of a confession made by a co-conspirator after the conspiracy terminated,[2] and wherein the jury is left completely in the dark as to its evidentiary purpose or the consideration to be given it. The jury may well have concluded that it constituted evidence against Vento and had a direct bearing upon the question of his guilt. This conclusion is fortified by the following portion of the charge of the court: "A large part of the Commonwealth's case depends upon the *statement*[3] of Dominquez." While he was undoubtedly referring to the testimony of Dominquez at trial, this fact was not clarified.

If in a joint trial a confession is evidence against the maker only, and the court is strictly required to so charge the jury, a fortiori in a separate trial of another individual, certainly similar precautionary instructions are likewise required. We said in *Common-*

---

[2] See, *Commonwealth v. Ellsworth,* 409 Pa. 505, 187 A. 2d 640 (1963).

[3] Emphasis supplied.

*wealth v. Hudson,* supra, that if a defendant wished to avoid the risk incident to a joint trial, with respect to the admission into evidence of the confession of a co-defendant, a severance could be requested. Could it be logically said that the defendant, Vento, should be exposed to these risks without qualification where the severance was requested by the Commonwealth? We think not. The occasion for the introduction of the confession was the attack on the credibility of a witness. Subsequent cautionary instructions in the charge of the trial judge, limiting this evidence to the question of the credibility of the witness, were absolutely essential to insure the defendant a fair trial. The error, under the circumstances, was highly prejudicial and requires a new trial.

Since the case must be retried, another trouble spot in the record requires discussion.

Two statements of the defendant, the first exculpatory, and the second incriminatory, were offered in evidence by the Commonwealth. The trial judge correctly and adequately charged the jury that before this evidence could be considered that the jury had to be convinced that the statements were voluntarily made. Inadvertently, he also said, "Now, when you come to consider Vento's statement and to consider whether or not it was voluntary, you should also consider the *substance of the testimony.*"[4] What testimony the judge so contemplated was not clarified, nor was a request to do so made. The court en banc concluded that he meant the testimony of the witnesses as to the circumstances incident to the giving of the statement. A reading of the charge in its entirety leads to the conclusion that this is correct. However, we wish to make it clear that in determining if a statement or confession is voluntarily made, the jury is not to take into account the

---

[4] Emphasis supplied.

circumstances of its truth or falsity. Whether or not a defendant spoke the truth in a confession must be completely ignored in resolving the question of its voluntary nature: *Commonwealth v. Williams,* 197 Pa. Superior Ct. 184, 176 A. 2d 911 (1962), and *Rogers v. Richmond,* 365 U.S. 534 (1961). After the jury has determined the issue of voluntariness, the question of its truthfulness, is *then* for the jury: *Commonwealth v. Williams,* supra.

Judgment reversed and a new trial ordered.

Mr. Chief Justice BELL dissents.