## Commonwealth *v.* Young, Appellant.

Argued September 14, 1966. Before WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P. J., absent).

reargument refused November 16, 1966.

*Melvin E. Caine,* with him *Caine & Di Pasqua,* for appellant.

*Vram S. Nedurian, Jr.,* Assistant District Attorney, with him *Ralph B. D'Iorio,* Assistant District Attorney, *Paul R. Sand,* First Assistant District Attorney, and *Jacques H. Fox,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, October 25, 1966:

The six judges who heard the argument of this appeal being equally divided in opinion, the judgment of sentence of the court below is affirmed. The defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.

DISSENTING OPINION BY HOFFMAN, J.:

I respectfully dissent.

Defendant Young was tried jointly with defendants Holloway and Adams in the Court of Common Pleas of Delaware County on charges of larceny, conspiracy, and receiving stolen goods.

Commonwealth witnesses established that Young's two co-defendants, Holloway and Adams, stationed an automobile in a restricted parking area of the H. K. Porter Company on the nights of February 25 and 26, 1966. A plant foreman testified that he saw Young remove two large coils of nickel wire from a company building on the night of the 26th. He stated further that Young placed the coils in the trunk of Holloway's car, where they were later discovered. Young denied any participation in the theft and vigorously disputed this identification testimony.

In the course of the trial, two admissions by defendant Adams were introduced into evidence. Both were concededly made after the termination of the alleged conspiracy. Neither was made in the presence of the remaining defendants. The first was Adams' statement that: ". . . Pete [Holloway] and Emmett [Young] had double-crossed him. . . ." The second emerged from this exchange between the District Attorney and the Commonwealth's witness:

"Q: That they were splitting it [the proceeds of the sale of the wire] three ways, did he [Adams] tell you who the other two were?

"A: Yes, it was Pete [Holloway] and Emmett Young."

Although these statements were introduced to establish the guilt of Adams, it is clear that they seriously implicated defendants Young and Holloway.

A post-conspiracy admission is evidence only against the party who made it. As to others who may have participated in the crime, it is inadmissible hearsay. *Commonwealth v. Vento*, 410 Pa. 350, 189 A. 2d 161 (1963); *Commonwealth v. Epps*, 298 Pa. 377, 148 A. 523 (1930). In a joint trial, the admission of one party may be introduced even though it implicates others. However, in these circumstances, the trial judge must carefully protect the co-defendants' rights

by proper cautionary instructions to the jury. The failure to do so constitutes reversible error. *Commonwealth v. Vento,* supra; *Commonwealth v. Novak,* 165 Pa. Superior Ct. 576, 69 A. 2d 186 (1949).

In the present case, the trial judge offered no affirmative admonition or explanation regarding Adams' admissions. He did not caution the jurors as to the narrow evidentiary function of those statements, nor did he explain the reason for such a limitation. In both instances, he simply acquiesced in the restrictions noted by the District Attorney.[1]

Even when introduced under proper safeguards, an admission implicating several defendants on a joint trial may be seriously prejudicial. *Commonwealth v. Oister,* 201 Pa. Superior Ct. 251, 191 A. 2d 851 (1963) rev'd on other grounds, 378 U. S. 568 (1964). Where we have approved the introduction of such evidence in the past, we have relied on the presumption that the jury obeyed the trial judge's cautionary instructions. *Commonwealth v. Novak,* supra; cf. *Delli Paoli v. U. S.,* 352 U. S. 232, 239-243 (1957).

In the instant case, the failure of the court to give any instructions to the jury, either at the time of the

---

[1] On offering the first of the admissions noted above, the District Attorney stated:

"Your Honor, as to this conversation, which is not part of the res gestae, I offer it only against Tommy Lee Adams and not the other defendants.

"THE COURT: All right, it may be admitted for that limited purpose."

When the second was introduced:

"Mr. Carney: Then, sir, it is only offered as against Tommy Lee Adams.

"THE COURT: All right."

Defense counsel objected strenuously at this point, stating: ". . . I don't see how it could be offered against Tommy Lee Adams and then say it does not apply to Pete Holloway when the nature of the conversation is just as it is."

introduction of the admissions into evidence or at the time of the charge to the jury, constituted, in my opinion, fundamental error. Cf. *Commonwealth v. Vento,* supra. The court's few perfunctory remarks could only have left the jury in the dark as to the evidentiary function of Adams' admissions or the proper consideration to be given them. We cannot ignore the risk that any doubts as to Young's guilt were resolved through an improper reliance on Adams' statements. In these circumstances, Young's conviction cannot stand.

I would reverse.

JACOBS and SPAULDING, JJ., join in this dissenting opinion.