556 A.2d 370

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Leonard HUTCHINSON, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 9, 1988.

Decided March 15, 1989.*

* This decision was considered and rendered prior to March 7, 1989.

Gaele McLaughlin Barthold, Deputy Dist. Atty., Ronald Eisenberg, Chief, Appeals Div., Laurie Magid, Philadelphia, for appellant.

Jeremy Gelb, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

McDERMOTT, Justice.

On November 26, 1976 at approximately 11:05 p.m., a Philadelphia Police Officer received a description over his van radio of a male who had just raped and robbed two women.[1] While receiving this information the officer observed appellee, Leonard Hutchinson, who matched the description. Mr. Hutchinson was stopped by the officer, placed in the back of the officer's police van, and taken some five blocks to the scene of the crime for identification purposes. While he was being escorted out of the back of the van one of the victims unhesitatingly identified appellee as the assailant. Moments later Mr. Hutchinson was displayed to the other victim who also responded in like fashion. Mr. Hutchinson was then arrested.

Leonard Hutchinson was found guilty by a jury in the Court of Common Pleas of Philadelphia on September 23, 1977, of rape, involuntary deviate sexual intercourse, and robbery.[2] Post-trial motions were denied and appellee was sentenced to a period of incarceration of thirteen to sixty years. Appeal was taken to the Superior Court which

1. The time lag between the conclusion of the crime and the broadcast of the suspects' description was eight minutes.

2. The trial at which Appellee was convicted was his second trial, the first having resulted in a mistrial.

affirmed the judgment of sentence. Allocatur was denied on January 16, 1980. Subsequently, appellee, acting *pro se*, filed a petition for relief under the Post Conviction Hearing Act[3], in which he requested a new trial. This petition was later amended by counsel. His primary claim was that trial counsel was ineffective.

Following an evidentiary hearing the PCHA court denied requested relief and appellee appealed to the Superior Court. That Court, by *per curiam* order, 370 Pa.Super. 647, 533 A.2d 1075, reversed the lower court and remanded for a new trial.[4] The Commonwealth then filed a petition for allowance of appeal which was granted. We now reverse the order of the Superior Court.

The issue before the Court is whether trial counsel provided ineffective assistance of counsel when he failed to introduce a prior consistent statement which had been uttered by Mr. Hutchinson. The facts relevant to a resolution of this issue are as follows.

After formal arrest and while still in custody the following statement was purportedly made by appellee: "I have been at my grandmother's house on Camac Street and was going home when a cop stopped me. I don't know anything about robbing or raping anyone."[5]

At trial defense counsel, during cross examination, attempted to elicit this statement from the detective to whom it was made. The Commonwealth's objection was sustained, with the court determining that this statement was not only hearsay but outside the scope of direct examination as well. No further attempt to introduce this statement was made by defense counsel, even after the Commonwealth made efforts toward impeaching defendant's credi-

3. Act of May 13, 1982 P.L. 417, No. 122, now repealed.
4. The Honorable Justin Johnson filed a dissenting opinion.
5. The precise text of this brief statement is not a matter of record since the statement was never formally transcribed at the time it was made to the authorities.

bility and that of his mother and grandmother.[6] It is this failure which appellee alleges rendered trial counsel ineffective.

■ Approaching our task of determining whether counsel's assistance was effective we initially presume that it was. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth ex. rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Then we examine whether the defendants' allegations are possessed of arguable merit. *Pierce, supra; Commonwealth v. Stoyko*, 504 Pa. 455, 475 A.2d 714 (1984); *Maroney, supra.* We next determine whether of the alternatives available to counsel those chosen were reasonable in effecting the client's interests, *Id.; Commonwealth v. Wade*, 501 Pa. 331, 461 A.2d 613 (1983). Finally, we require that the defendant demonstrate how the asserted ineffectiveness prejudiced his cause. *Pierce, supra; Commonwealth v. Clemmons*, 505 Pa. 356, 479 A.2d 955 (1984); *Commonwealth v. Vogel*, 501 Pa. 314, 461 A.2d 604 (1983).

■ In conducting this analysis it is important to bear in mind that allegations of the deprivation of the right to effective counsel are not self-sustaining. The burden of proof of the allegations remains with the claimant: their accuracy to be established by his submission of relevant proofs. *Commonwealth v. McNeil*, 506 Pa. 607, 487 A.2d 802 (1985); *Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981); *Commonwealth v. Shore*, 487 Pa. 534, 410 A.2d 740 (1980); *Commonwealth v. Logan*, 468 Pa. 424, 364 A.2d 266 (1976); *Maroney, supra.*

■ Turning to the question of whether appellee's underlying claim had arguable merit, this Court has discussed the admissibility of a prior consistent statement thusly:

... a prior declaration of a witness whose testimony has been attacked and whose credibility stands impeached, which, considering the impeachment, the court will allow

---

6. Appellee's mother and grandmother took the witness stand in support of appellee's alibi defense.

to be proved by the person to whom the declaration was made, in order to support the credibility of the witness. *Lyke v. Lehigh Valley Railroad Co.*, 236 Pa. 38, 48, 84 A. 595, 601 (1912). Because such statements are hearsay, their use as a means to rehabilitate the credibility of an impeached witness' testimony is severely limited; and such statements are admissible only if it is alleged that the witness' present testimony is recently fabricated or a result of corrupt motives. *Commonwealth v. Gaddy*, 468 Pa. 303, 317, 362 A.2d 217, 223 (1976). Furthermore, evidence of such statements is "admissible only in rebuttal and then only for the purpose of showing that that which the witness now testifies to has not been recently fabricated". *Commonwealth v. Gaddy*, 468 Pa. 303, 316, 362 A.2d 217, 223 (1976), quoting *Commonwealth v. Wilson*, 394 Pa. 588, 602–03, 148 A.2d 234, 242 (1959), *cert. denied*, 361 U.S. 844, 80 S.Ct. 97, 4 L.Ed.2d 82 (1959). As a further restriction upon admissibility the statement must have been made at a time "before its ultimate effect on the *question trying* could have been foreseen" *Craig v. Craig*, 5 Rawles 91, 97–98 (1835). In more recent times this court has interpreted this caveat to mean before "any corrupt motive has arisen" *Commonwealth v. Gaddy, supra*, 468 Pa. at 317, 362 A.2d at 223 (1976). *See also Risbon v. Cottom*, 387 Pa. 155, 127 A.2d 101 (1956); *Keefer v. Byers*, 398 Pa. 447, 159 A.2d 477 (1960); *Commonwealth v. Vento*, 410 Pa. 350, 189 A.2d 161 (1963).

If one testifies that they did a certain thing at a given time, they may be challenged that they said something different before. Such is impeachment by a prior contradictory statement. Ordinarily, that one has always said the same thing is subsumed in their testimony and need not be buttressed by evidence of prior consistency, unless that consistency, by allegation of recent fabrication is challenged. When challenged, evidence of prior and continued consistency may be offered. Evidence of prior consistency, absent such challenge is not required and is essentially

cumulative and repetitious. To regularly allow testimony of prior consistency may easily become a device to merely augment the credibility of witnesses by others.

■ In the present case, although appellee's credibility was partially impeached by several inconsistencies which were brought out during cross examination, at no time during his trial were there any allegations of recent fabrication. Furthermore, the statement in issue was made *after* appellee's arrest: clearly not a time when the effect of the statement could not have been foreseen.

■ It is well settled that counsel's performance will not be considered ineffective for failure to assert a meritless claim, *Commonwealth v. Christy*, 511 Pa. 490, 497, 515 A.2d 832, 835 (1986), *cert. denied sub nom Christy v. Pennsylvania*, 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987). Because appellee's statement did not qualify as an admissible prior consistent statement appellee's underlying claim was without merit. Consequently, there can be no finding of ineffectiveness.

Accordingly, we reverse the order of the Superior Court, and reinstate the judgment of sentence.

STOUT, J., concurs in the result.

NIX, C.J., files a dissenting opinion in which ZAPPALA, J., joins.

NIX, Chief Justice, dissenting.

The sole issue in this case is whether trial counsel was ineffective for failing to introduce on rebuttal a prior consistent statement given by appellee to the police at the time of his arrest. In my judgment, such an omission was clearly a material oversight on counsel's part and justified the Superior Court's determination that trial counsel was ineffective.

The relevant facts are that appellee offered the alibi that he had just left his grandmother's house where he had visited his mother who had been ill. Appellee's mother and grandmother offered alibi testimony, after which appellee's counsel sought to introduce a statement appellee had made to police to the same effect during appellee's direct testimony. The trial judge properly denied appellee the right to admit his statement into evidence, and the Superior Court affirmed the trial judge's ruling in this regard. These rulings were indisputably correct, since appellee had not even been cross-examined at the point where his prior consistent statement was offered. The Commonwealth had presented no evidence that his claim of alibi had been recently fabricated.

The cross-examination of appellee focused on numerous inconsistencies in appellee's alibi. Thereafter, appellee's counsel did not seek or attempt to admit his prior consistent statement either on redirect or rebuttal. Before the PCHA court, appellee's trial counsel testified that he was aware of the fact that the prior consistent statement was important and, having failed to get it in on direct testimony, simply overlooked its subsequent admission due to the pressure of the trial.

The majority argues that the Commonwealth did not expressly assert that the alibi was a recent fabrication. However, it has never been held that an explicit allegation of recent fabrication is to be made in order to allow admission of a prior consistent statement. This argument is not diminished by the fact that this statement was first made immediately after his arrest. What is significant is that, at all times, since these accusations had been leveled against him, his response had remained the same, and defense counsel had an obligation to stress that fact in answer to the Commonwealth's attempt to suggest to the contrary.

ZAPPALA, J., joins in this dissenting opinion.