808 A.2d 558

**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Seifullah ABDUL–SALAAM, Appellant.**

Supreme Court of Pennsylvania.

Submitted Aug. 2, 1999.

Decided Dec. 31, 2001.

Reconsideration Denied Sept. 20, 2002.

Robert Brett Dunham, Philadelphia, for Seifullah Abdul–Salaam, appellant.

Jamie Keating, for the Com., appellee.

Robert A. Graci, Harrisburg, for Office of Atty. Gen., appellee.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN nd SAYLOR, JJ.

## *OPINION*

Justice NIGRO.

Appellant Seifullah Abdul–Salaam appeals from the order of the Court of Common Pleas of Cumberland County denying his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 et seq. For the reasons outlined below, we affirm.

On March 15, 1995, a jury found Appellant guilty of first-degree murder, robbery and conspiracy in connection with the fatal shooting of Officer Willis Cole of the New Cumberland Police Department. Following a sentencing hearing, the jury determined that the four aggravating circumstances it found outweighed the one mitigating circumstance it found and accordingly, fixed Appellant's penalty at death.[1] On June 18, 1996, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Abdul–Salaam,* 544 Pa. 514, 678 A.2d 342

---

[1]. The jury found the following aggravating circumstances: 1) the victim was a peace officer killed in the performance of his duties, 42 Pa.C.S. § 9711(d)(1); 2) Appellant committed the killing while in the perpetration of a felony, 42 Pa.C.S. § 9711(d)(6); 3) in the commission of the offense, Appellant knowingly created a grave risk of death to another person in addition to the victim, 42 Pa.C.S. § 9711(d)(7); and 4) Appellant has a significant history of felony convictions involving the use or threat of violence, 42 Pa.C.S. § 9711(d)(9). The mitigating circumstance found by the jury was "[a] background that includes both physical and mental abuse does have a negative impact on a person's development and therefore his future behavior," pursuant to 42 Pa.C.S. § 9711(e)(8).

(1996). Appellant then filed a *pro se* PCRA petition on May 13, 1997. The Center for Legal Education, Advocacy and Defense Assistance (CLEADA) was appointed to represent Appellant and subsequently filed an amended PCRA petition on Appellant's behalf. Following a hearing, the PCRA court denied relief. Appellant then filed the instant appeal.[2]

Appellant raises ten issues in his brief to this Court, many of which contain several sub-issues. Most of Appellant's issues, however, have been waived for purposes of the PCRA.

■ To be eligible for relief under the PCRA, a petitioner must establish, as a threshold matter, that his allegations have not been waived. An allegation is deemed waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review [or] on appeal...." 42 Pa.C.S. § 9544(b). In addition, the relaxed waiver rule is not applicable to PCRA capital appeals. *See Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 700 (1998).

■ Appellant specifically contends that: the Commonwealth withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); the Commonwealth violated his due process rights by consuming an entire blood sample for testing; the trial court erred by failing to provide instructions to the jury that it could consider evidence of Appellant's abusive background under 42 Pa.C.S. § 9711(e)(2) and (e)(3), which embody Pennsylvania's two mental health mitigating circumstances; the process by which this Court engages in proportionality review violates defendants', including Appellant's, due process rights; the trial court erred by allowing Appellant's juvenile adjudications to serve as a basis for the aggravating circumstance under 42 Pa.C.S. § 9711(d)(9), i.e. that the defendant has a significant history of felony convictions involving the use or threat of violence; the aggravating circumstance under 42 Pa.C.S.

---

**2.** When reviewing the denial of post-conviction relief, this Court is limited to "examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 549 Pa. 400, 701 A.2d 516, 520 (1997).

§ 9711(d)(9) is unconstitutionally vague; and the jury improperly found the existence of the aggravating circumstance under 42 Pa.C.S. § 9711(d)(6). Appellant could have raised each of these claims in his direct appeal to this Court but failed to do so. Accordingly, these claims are waived and, therefore, beyond the power of this Court to review under the express terms of the PCRA. *See* 42 Pa.C.S. § 9543(a)(3).[3]

■ Appellant also argues that trial counsel rendered ineffective assistance of counsel at his penalty phase hearing. Because this claim is framed as one of ineffectiveness, and because it is adequately argued under the standard governing such a claim, this claim has not been waived for purposes of the PCRA and is therefore, reviewable.

■ To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without any reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (1999); *Commonwealth v. Douglas*, 537 Pa. 588, 645 A.2d 226, 230 (1994). If a reasonable basis exists for the particular course chosen by counsel, the inquiry ends and counsel's performance is deemed constitutionally effective. *Commonwealth v. Derk*, 553 Pa. 325, 719 A.2d 262, 266 (1998) (opinion in support of affirmance).

3. A petitioner can avoid a finding of waiver under the PCRA by making an adequate and properly layered claim of ineffective assistance of counsel at his first available opportunity to do so. *Commonwealth v. Wallace*, 555 Pa. 397, 724 A.2d 916, 921 (1999). Appellant, in his final issue, makes a bald one-sentence allegation that trial counsel was ineffective for failing to litigate the claims raised on this appeal. Such an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief.

■ Appellant claims that counsel was ineffective for failing to locate evidence of his mental illness and his organic brain damage and present such evidence as mitigation at his penalty phase hearing. Even if this claim had arguable merit,[4] we agree with the PCRA court that counsel had a reasonable basis for not presenting such evidence. At the PCRA hearing, counsel specifically stated his reasons for not presenting mental health mitigation evidence in this particular case, testifying that:

When you begin to defend a person's actions or excuse them by the use of mental health expert testimony, you hold yourself open to the risk that you are essentially relitigating the crime. I heard this today during your cross-examination of Dr. Armstrong [one of the mental health experts presented by Appellant]. You asked her if she could tell that there was a specific time on August 19th, 1994 [the date Appellant shot and killed Officer Cole], when the organic brain disorder manifested itself in compelling the defendant's actions, and she said she could not and no one could. The risk of that is that it often provides the prosecutor with an opportunity to not just describe the defendant's acts in a factual context, but in almost a moral context. For example if a person—taking this case as an example, if a person was afflicted by organic brain disorder or some psychiatric disease or some mental health problem, I've heard asked repeatedly in other cases, isn't this inconsistent with the type of planning that goes into the perpetration of this crime? Isn't this inconsistent with the fact that the person, according to the evidence and testimony, had the wherewithal to try to escape?

4. Based on an independent review of the record, we note that we find no error in the PCRA court's conclusion that the testimony at the PCRA hearing failed to establish that Appellant suffers from organic brain damage or any other mental illness. *See* PCRA Ct. Op., 11/12/98, at 11, 13. As the Commonwealth observes in its brief, the defense mental health experts could not testify as to when Appellant contracted organic brain damage, how he contracted it, or what effect, if any, it had on him on the day he murdered Officer Cole. Moreover, there was testimony from Dr. Lawrence Rotenberg, who also examined Appellant, that Appellant does not, in his opinion, have organic brain damage. *See* N.T., 5/1/98, at 136.

Isn't this inconsistent with the fact that he returned to the scene of the crime for perhaps no other reason than to open fire? In a case like this, in this case in particular, the emotional impact of the testimony throughout the trial was such that I would have thought it unlikely that a jury would accept psychiatric mitigation as a factor, especially one that would outweigh the really very devastating emotional impact of the several days of testimony that they just heard.

N.T., 4/23/98, at 179–80. *See also Commonwealth v. Pirela*, 556 Pa. 32, 726 A.2d 1026, 1035 (1999) (presentation of evidence of defendant's troubled childhood might be viewed as attempt to trivialize brutal murder). This testimony sufficiently supports the PCRA court's finding that counsel had a reasonable basis for not presenting the mitigating evidence Appellant now claims counsel should have offered.[5]

In sum, all but one of Appellant's claims have been waived and thus, cannot be reviewed by this Court. Appellant's remaining claim is without merit, as we find that the PCRA court properly determined that counsel did not render ineffective assistance at Appellant's penalty phase hearing. The order of the PCRA court denying post-conviction relief is therefore affirmed.[6]

Justices CASTILLE and SAYLOR file concurring opinions.

5. Appellant also claims that trial counsel was ineffective for failing to present evidence of the abuse he suffered as a child. This claim is specious in light of the fact that even Appellant concedes that counsel presented the testimony of several family members who described Appellant's abusive upbringing. If Appellant is suggesting that counsel should have called additional family members to reiterate that Appellant had been abused as a child, this claim also fails as such testimony would have merely been cumulative. *See Commonwealth v. Whitney*, 550 Pa. 618, 708 A.2d 471, 477 (1998) (counsel not ineffective for failing to call witness at penalty phase who would merely have given cumulative mitigating evidence). In addition, we note that the jury specifically found Appellant's abusive background to be a mitigating circumstance.

6. The Prothonotary of the Supreme Court is directed to transmit the complete record of this case to the Governor of Pennsylvania. *See* 42 Pa.C.S. § 9711(i).

Justice CASTILLE, concurring.

I join the majority opinion with the sole exception of the first sentence in footnote 3. In that sentence, the majority states that a petitioner can "avoid" the PCRA's proscription on waived claims if he makes an "adequate and properly layered claim of ineffective assistance of counsel at his first opportunity to do so." The majority then rejects the ineffectiveness claim made here, which purports to apply to all of appellant's underlying waived claims of trial error, because it is undeveloped.

Although our cases have occasionally, and somewhat imprecisely, suggested that a claim of counsel ineffectiveness "avoids" or "excuses" waiver, in fact that is not the manner in which the PCRA operates and, to provide guidance to the bench and bar, I would be more precise in my analysis of the question. Waived claims, such as the claims of trial error which appellant here could have raised on direct appeal but did not, are waived without qualification under the PCRA. 42 Pa.C.S. § 9544(b); *Commonwealth v. Pierce,* 786 A.2d 203, 212 (Pa.2001). A claim of ineffective assistance of counsel, on the other hand, is a distinct claim of constitutional dimension, which is itself specifically deemed cognizable under the PCRA—provided, of course, that the ineffectiveness claim itself was not waived at an earlier stage of the proceedings. *Id.*

As a practical matter, claims of ineffective assistance of counsel are often "derivative" of claims of trial error which have been waived; *i.e.,* trial counsel is alleged to have been ineffective for failing to raise a claim which is now perceived by subsequent counsel upon review of the record. *See Commonwealth v. Williams,* 782 A.2d 517, 525 & n. 5 (Pa.2001). That is, indeed, what appellant has alleged here as to his waived claims, albeit he does so in boilerplate fashion. Such a claim of ineffectiveness, if successful, could be said to "excuse" the waiver of the underlying claim in the limited sense that the event at trial will now be subject to some review, albeit through the guise of the standards governing claims of ineffective assistance of counsel. But it is essential to realize that it

is **only** the ineffectiveness version of the claim which is cognizable under the PCRA. *See Pierce, supra.* This recognition is important because the Sixth Amendment ineffectiveness standard is distinct from the standards that govern the myriad of underlying claims that might have been waived. As I noted in my concurring opinion in *Williams:*

> The underlying non-cognizable claim, which often is not itself even of constitutional dimension (for example, many evidentiary claims or claims regarding jury instructions), is relevant only as it bears upon the Sixth Amendment analysis. *See Kimmelman v. Morrison,* 477 U.S. 365, 382, 106 S.Ct. 2574, 2586–87, 91 L.Ed.2d 305 (1986) (constitutional ineffectiveness standard under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) "differs significantly from the elements of proof applicable to" Fourth Amendment claim; thus, while meritorious Fourth Amendment issue is essential to Sixth Amendment claim of ineffectiveness arising from failure to pursue Fourth Amendment issue, meritorious Fourth Amendment claim alone does not prove ineffectiveness; *Strickland* "gross incompetence" test must be met to prevail on Sixth Amendment claim); *Commonwealth v. Green,* 551 Pa. 88, 92 n. 4, 709 A.2d 382, 383, n. 4 (1998) (analysis of abandoned claim "is undertaken solely for the purpose of resolving questions of ineffective representation"), *quoting Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687, 696 (1977); *Senk v. Zimmerman,* 886 F.2d 611, 614 (3d Cir.1989), *cert. denied,* 493 U.S. 1035, 110 S.Ct. 756, 107 L.Ed.2d 772 (1990) (ineffectiveness claims are concerned with defense attorney's performance; underlying issue is only "indirectly implicate[d]").

782 A.2d at 535 (Castille, J., concurring).

In this case, the majority unquestionably is correct that appellant's claims of trial court error, which he develops at length in his brief, are waived under the PCRA. Appellant's overarching and constitutionally distinct claim of ineffective assistance of counsel—which is raised at the end of his brief, and in which he faults prior counsel "to the extent . . . .

counsel failed to litigate" the claims developed elsewhere in the brief, Initial Brief of Appellant, 97—is not waived under the PCRA, since the PCRA stage was appellant's first opportunity to challenge the stewardship of trial/direct appeal counsel. Nevertheless, in my opinion, that claim fails on the merits because appellant has failed to even attempt to meet the substantive *Strickland* standard. Boilerplate allegations, such as appellant makes here, have never been sufficient to discharge the affirmative burden to rebut the presumption that counsel was effective. *Pierce, supra,* 786 A.2d at 221; *Commonwealth v. Pettus,* 492 Pa. 558, 424 A.2d 1332, 1335 (1981) (court will not consider boilerplate claims of ineffective assistance). *See also Commonwealth v. Morris,* 546 Pa. 296, 684 A.2d 1037, 1045 (1996) (speculative claim of ineffectiveness summarily rejected; ineffectiveness claims cannot be raised in vacuum) (citing cases); *Commonwealth v. Hutchinson,* 521 Pa. 482, 556 A.2d 370, 372 (1989) (defendant bears burden of proving allegations of ineffective assistance by submission of relevant proofs); *Commonwealth v. Hentosh,* 520 Pa. 325, 554 A.2d 20, 24 (1989) (same). *Accord Commonwealth v. Rivers,* 776 A.2d 1009 (Pa.2001) (Opinion Announcing Judgment of Court). *Commonwealth v. Ragan,* 645 A.2d 811, 829 (Pa.1994) (boilerplate allegation is no basis for relief in capital PCRA appeal).

Subject to the foregoing qualification, I join the majority opinion.

Justice SAYLOR, concurring.

I join the majority's decision to affirm the denial of Appellant's petition for post-conviction relief and write only to clarify my reasoning concerning denial of the claim of ineffective assistance of counsel in the failure to pursue mental health evidence as a mitigating circumstance at the penalty phase of trial.

It is my belief that, in some cases in which the defendant's mental state is legitimately at issue, evidence of the defendant's mental health history and/or expert psychiatric evidence has the potential to carry substantial weight with a jury

in terms of establishing a mitigating circumstance and, correspondingly, a defense to the Commonwealth's effort to obtain a sentence of death. *See Commonwealth v. Rivers,* 567 Pa. 239, & n. 1, 786 A.2d 923, 927 & n. 1 (2001)(Saylor, J., dissenting).[1]  Certainly, there is also a risk in some cases that the presentation of such evidence may create an unfavorable impression with jurors.  Thus, trial counsel are charged with collecting and evaluating the relevant evidence and, in consultation with their clients, making reasoned, strategic decisions specific to the facts at hand as to whether, and to what extent, available evidence should be put before the sentencing jury.

In light of the above, however, I do not believe that the inherent nature of mental health proofs alone, and generalized risks that may be said to accompany their presentation, are sufficient to obviate the review and weighing process in the post-conviction courts upon the proffer of a properly-supported claim of ineffective assistance of counsel for failure to present mental health evidence at the penalty hearing.  *See generally Commonwealth v. Brown,* 544 Pa. 406, 425, 676 A.2d 1178, 1187 (1996) (allowing for the possibility of post-conviction relief if "it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued")(quoting *Commonwealth v. Pirela,* 510 Pa. 43, 59, 507 A.2d 23, 31 (1986)), *cert. denied,* 519 U.S. 1043, 117 S.Ct. 614, 136 L.Ed.2d 538 (1996); *Commonwealth v. Williams,* 557 Pa. 207, 245–49, 732 A.2d 1167, 1187–90 (1999). Therefore, in such circumstances, I have supported the provision of a post-conviction hearing and, correspondingly, the requirement of adequate factual findings and legal conclusions by the post-conviction court.  *See, e.g., id.*[2]

1.  Indeed, in the present case, the PCRA court opened its analysis of the pertinent claim as follows: "No authority is necessary for the rather obvious proposition that where one's criminal conduct results from a real and serious mental defect, even though it might not rise to the level of a defense, that criminal conduct becomes easier to understand and any penalty for it ought, arguably, to be mitigated."

2.  I do not suggest that a post-conviction hearing is necessary in every capital case in which this form of claim is presented—pursuant to sound policy as reflected in our rules, a hearing is necessary only where the pleadings and essential affidavits establish a material factual dispute

Despite the fact of such hearing in this case, the majority rests its disposition of the penalty-phase, mental health issue primarily upon a passage from trial counsel's post-conviction testimony which, in large part, merely identifies generalized risks associated with the presentation of mental health evidence. Notably, such testimony was offered in response to a general question concerning dangers in presenting mental health issues ("The danger that you described to presenting certain mental health issues, what are those dangers?"); does not take into account the specifics of the available mental health evidence pertinent to the case at issue or reflect the attendant weight and potential benefit vis-à-vis other available defenses; and does not represent the sum and substance of trial counsel's reasons for not pursuing mental health evidence at the penalty phase in the present case. If these sorts of generalized concerns about the presentation of mental health evidence on their own can be said to provide a reasonable basis for failing to investigate and/or present mental health evidence in mitigation, there would rarely be a need for a hearing on this issue, since these considerations will apply in virtually every capital case. As demonstrated by the present appeal, however, this has not been the course chosen by careful PCRA judges (here, the Honorable Kevin A. Hess) who, in appropriate circumstances, have undertaken the necessary task of sifting through and weighing the evidence. Thus, the following additional considerations are critical to my assessment of the present appeal.

At the post-conviction hearing, it was initially disclosed that trial counsel had contacted several mental health professionals, who were unwilling or unable to examine Appellant in contemplation of the presentation of a defense at the penalty phase of his trial.[3] Trial counsel ultimately obtained a referral

concerning a central element of a viable claim. *See generally* Pa. R.Crim.P. 909(C).

**3.** Trial counsel's engagement in this process alone provides some degree of support for the conclusion that an underlying, strategy-based assessment grounded the decision to forego the presentation of mental health evidence to the sentencing jury, as opposed to mere default on the part of trial counsel.

to Dr. Carolynn Crutchley, a psychiatrist, but later decided not to allow her to examine Appellant. In his testimony, trial counsel initially refused to disclose the basis for this action, citing the attorney-client privilege on questioning by the Commonwealth:

> THE COURT: And you're telling me that you cannot answer [the question why mental health evidence was not presented] without doing violence to the attorney client privilege?
>
> THE WITNESS: I don't believe I can.

Trial counsel later invited inquiry from PCRA counsel as to his strategy ("I have a recollection about a very specific thing that Dr. Crutchley and I discussed, which I will tell you if you are asking me to do so"), but PCRA counsel avoided the asking. Ultimately, on questioning by the Commonwealth, the PCRA court directed trial counsel to disclose his strategy in the following passage:

> Q: What specific thing was it that you and Dr. Crutchley discussed that caused you—convinced you not to use her?
>
> A: I think I would have to disclose attorney client—
>
> THE COURT: And I think on this narrow issue according to the law it is waived, and I will direct you to answer it.
>
> [PCRA cnsl.]: As to what Dr. Crutchley told him?
>
> THE COURT: Yes, as to why he opted not to pursue the mental health defect that is at the very heart of this case. You don't have to tell me the words that your client said, but what was the underlying reason?
>
> A: As I understood what Dr. Crutchley and I were discussing, one of the things that was important to her was whether there were or were not going to be expressions of remorse. That's the way I recall our conversation.
>
> Q: No further questions, Your Honor.
>
> [PCRA cnsl.]: Nothing else, Your Honor.

Based upon this testimony, the PCRA court found:

[Trial counsel] was concerned with the interaction between [Appellant] and the defense expert, Dr. Crutchley. When

trial counsel met with Dr. Crutchley, he requested that she not discuss the crime itself with the petitioner out of fear that [Appellant] would not appear remorseful enough. When Dr. Crutchley could not comply with this request, trial counsel became concerned that her testimony would be potentially more harmful than helpful.[4]

As the majority footnotes, the PCRA court also rejected Appellant's expert testimony in favor of that offered by the Commonwealth to the effect that Appellant did not suffer from a serious mental defect.

It is because the PCRA court made the requisite credibility assessments and judgments specific to this case on an adequate record, properly concluding that Appellant failed to satisfy his burden of proof in light of such findings, that I am able to join in the majority's disposition.

---

4. The actual explanation for trial counsel's strategy remains undeveloped on the record, since counsel was permitted to refrain from disclosing the details of his conversations with Appellant. This deficiency cannot redound to Appellant's benefit, however, since he bore the burden of proof at the post-conviction stage. In these circumstances, it was simply not possible for Appellant to satisfy this burden while concealing critical facts utilizing the shield of the attorney-client privilege and a course of artful questioning.

Notably, this Court has imposed limitations on the subsequent use of post-conviction testimony from trial counsel in appropriate circumstances. *See Commonwealth v. Chmiel,* 558 Pa. 478, 511, 738 A.2d 406, 424 (1999).