J-S59032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSE MANUEL SANTIAGO, | |
| Appellant | No. 808 EDA 2014 |

Appeal from the PCRA Order Entered February 26, 2014
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002649-2011,
CP-15-CR-0002721-2010

BEFORE:  SHOGAN, LAZARUS, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STRASSBURGER, J.:　　　**FILED SEPTEMBER 04, 2015**

Jose Manuel Santiago (Appellant) appeals from the February 26, 2014 order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts of the case as follows.

> On March 26, 2012, Appellant pled guilty to three counts of rape, three counts of involuntary deviate sexual intercourse, and one count of aggravated indecent assault.[1]  At his plea hearing, Appellant admitted that he engaged in sexual intercourse and deviate sexual intercourse with his daughter and with two of his nieces, all of whom were minors at the time of his crimes.  He also admitted to digitally penetrating the genitals

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  In exchange for his guilty pleas to these counts, the Commonwealth withdrew over 1,600 additional counts against Appellant.  N.T., 3/26/2012, at 12.

of another daughter, who was also a minor at the time of the crime. He was sentenced that day to a term of imprisonment of twelve and one-half to twenty-five years.

On February 21, 2013, Appellant filed a *pro se* PCRA petition. [The PCRA court] appointed him PCRA counsel on February 27, 2013. On April 29, 2014, counsel moved to withdraw his representation, having found no issue that would entitle Appellant to post-conviction relief. [The PCRA c]ourt also conducted an independent review of the file and of the record, which review revealed that Appellant's plea was entered into knowingly, voluntarily and intelligently, and that his sentence was legal. Thus, on June 6, 2013, [the PCRA court] entered an order giving Appellant the mandatory twenty day notice of [its] intention to dismiss his PCRA petition without a hearing.

Appellant responded to this notice on June 27, 2013. In his response he raised a somewhat ambiguous claim that he requested his trial counsel to file a direct appeal of his sentence. … Accordingly, [the PCRA court] scheduled a hearing on this issue [alone and ordered PCRA counsel to continue to represent Appellant].

Appellant's PCRA hearing was held on October 1, 2013. The evidence presented at the hearing revealed that Appellant never requested his trial counsel to file a direct appeal of his sentence. For that reason, on February 26, 2014, [the PCRA court] denied Appellant's petition under the [PCRA]. …

PCRA Court Opinion, 4/7/2014, at 1-2 (citations omitted).

Appellant, *pro se*, filed a notice of appeal on March 6, 2014. On March 18, 2014, the PCRA court entered an order granting PCRA counsel leave to withdraw, and Appellant proceeded *pro se* in this Court. For reasons stated in our memorandum of October 7, 2014, we remanded the case for the appointment of counsel and retained panel jurisdiction. Counsel was appointed, both counsel and the PCRA court thereafter complied with Pa.R.A.P. 1925, and the parties have submitted new briefs to this Court.

We may now address the merits of the issue Appellant raises on appeal: "Whether the trial court erred in accepting [A]ppellant's guilty plea?" Appellant's Brief at 7 (unnecessary capitalization omitted).

The Commonwealth argues that Appellant has waived the claim that his plea was not knowing and voluntary by failing to raise it on direct appeal. Commonwealth's Brief at 8. We agree.

> To be eligible for relief under the PCRA, a petitioner must establish, as a threshold matter, that his allegations have not been waived. An allegation is deemed waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review [or] on appeal...." 42 Pa.C.S. § 9544(b).

***Commonwealth v. Abdul-Salaam***, 808 A.2d 558, 560 (Pa. 2001) (holding claims of trial court error were waived because "Appellant could have raised each of these claims in his direct appeal to this Court but failed to do so").

Appellant could have filed a direct appeal challenging the validity of his plea, but failed to do so. Accordingly, Appellant is ineligible for relief on this claim under the PCRA. ***See Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa. Super. 2007) ("We conclude that Appellant's [claims that (1) his pleas were not entered knowingly, intelligently, and voluntarily and (2) that the trial court erred in failing to order a presentence investigation report] could have been raised in a direct appeal, but since no direct appeal was taken, they are both deemed waived for purposes of this PCRA appeal.").

To the extent that Appellant is claiming that counsel was ineffective in failing to file a post-sentence motion or direct appeal challenging the validity

of his plea, we discern no error or abuse of discretion by the PCRA court in rejecting Appellant's claims.[2]

Counsel is presumed to be effective. ***Commonwealth v. Simpson***, 112 A.3d 1194, 1197 (Pa. 2015). To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must prove each of the following: "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." ***Id.***

To determine whether there is arguable merit to a claim that counsel was ineffective in failing to file a post-sentence motion to withdraw Appellant's guilty plea, we consider the following.

> The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless

---

[2] "Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014) (internal

citations and quotation marks omitted).

The PCRA court offered the following explanation for its determination

that Appellant's plea was in fact knowing, intelligent, and voluntary.

The only issue raised instantly regarding the validity of Appellant's plea is premised on his one word response to a question posed to him at the beginning of his guilty plea colloquy. After Appellant had answered affirmatively to the question of whether he was satisfied with his attorney, the [c]ourt asked Appellant if the plea he was about to enter into was "knowing and voluntary [on his] part.["] Appellant responded "No." N.T. 3/26/12, p.4. Obviously, this answer required further examination. Accordingly, the [c]ourt immediately asked Appellant if he was pleading guilty of his own free will, to which Appellant responded "Yes," and if anyone was forcing him or threatening him in any way to plead guilty, to which Appellant responded "No." N.T. 3/26/12, p.4. We then continued with inquiry into all other required areas. A review of the circumstances surrounding Appellant's plea reveals that he entered into his plea knowingly, intelligently and voluntarily.

In his written guilty plea colloquy, and at his guilty plea hearing, Appellant admitted under oath that he raped his daughter and two nieces and that he sexually abused another daughter. He also admitted that his daughters and his nieces were all minors at the time they were victimized. N.T. 3/26/12, pp. 9-10, 13. He acknowledged that the decision to plea[d] guilty was his own, and that no one had used any force or threats against him in order to get him to enter into the guilty plea. N.T. 3/26/12, p. 4; Guilty Plea Colloquy ¶¶ 17, 41. He stated that [he] understood all of the rights that he was giving up in pleading guilty. N.T. 3/26/12, pp. 5-6. He also stated that he was satisfied with the amount of time his attorney had spent

on his case and that he was satisfied with his attorney's representation. N.T. 3/26/12, pp. 3-4; Guilty Plea Colloquy ¶ 39. At the conclusion of Appellant's guilty plea hearing the Court specifically asked him, once again, whether he was entering into his plea agreement voluntarily. He responded "Yes, sir." N.T. 3/26/12, p. 27. The [PCRA c]ourt was satisfied then, and is satisfied now, of the validity of Appellant's guilty plea.

Trial Court Opinion, 3/9/2015, at 4-5.

The PCRA court's factual findings are supported by the record. Further, the PCRA court appropriately applied the following rule of law.

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted). Accordingly, Appellant cannot establish that counsel was ineffective in failing to file a post-sentence motion seeking to withdraw the plea as involuntary.

Appellant likewise cannot establish that the PCRA court erred in denying him relief on the claim that counsel was ineffective in failing to file a direct appeal. "[B]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." *Commonwealth v. Bath*, 907 A.2d 619, 622 (Pa. Super. 2006) (internal quotation omitted). The PCRA court made the factual determination "that Appellant never

- 6 -

requested his trial counsel to file a direct appeal of his sentence." Trial Court Opinion, 3/9/2015, at 2. As that determination is supported by the record and is based upon the PCRA court's credibility determinations, this Court is bound by it. ***Commonwealth v. Hutchinson***, 25 A.3d 277, 284 (Pa. 2011) ("The PCRA court's credibility determinations are binding on this Court when they are supported by the record."). Therefore, plea counsel was not ineffective in failing to file a direct appeal.

Appellant has not convinced this Court that the PCRA court erred in denying him relief. ***Commonwealth v. Miner***, 44 A.3d 684, 688 (2012) ("It is an appellant's burden to persuade us that the PCRA court erred and that relief is due."). Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2015